UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nondo Bartolotta, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 99-1145 (CKK)
 )
Federal Bureau of Investigation, et al., )
 )
      Defendants. )

FILED
JUL 1 3 2000
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff seeks records regarding himself from seven separate federal agencies pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The Federal Bureau of Investigation moved for a stay of the proceedings in this case to allow it time to review records responsive to plaintiff's request. The other six agencies moved for summary judgment on October 13, 1999. Plaintiff was given until November 22, 1999, to file an opposition to defendants' motion. See Order filed October 20, 1999. Because plaintiff is proceeding without counsel in this matter he was provided the text of Rule 56(e) of the Federal Rules of Civil Procedure governing summary judgment. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992). He was also informed that if he did not respond "the Court may grant the motion as conceded and enter judgment in favor of defendants." Plaintiff opposed the FBI's motion for a stay, but failed to file a response to the other defendants' motion for summary judgment. Subsequently, the FBI moved for dismissal of this case for failure to exhaust administrative remedies, to which plaintiff failed to file a response. Consequently, defendants' motions will be granted as conceded. In addition, the court's review of defendants' motions provides an independent basis for dismissal.

## DISCUSSION

Although joined in one complaint, this action involves seven separate FOIA requests. Each defendant has moved for summary judgment in its favor, arguing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; see Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Because plaintiff has not filed an opposition to these motions, the facts identified by the defendants are admitted. Local Civil Rule 7.1(h). In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). The Court will review the pending motions as it relates to each separate defendant.

    A.    <u>Drug Enforcement Administration</u>

In 1997, Nondo Bartolotta requested all records regarding himself from the Drug Enforcement Administration ("DEA"). See Statement of Material Facts as to Which There is no Genuine Issue ("Defs' Facts"), ¶¶ 1-2. The DEA notified Mr. Bartolotta that it had located six files in which he was mentioned and that the cost of searching those files would be $108. Id., ¶¶ 27-31. Although Mr. Bartolotta agreed to pay the search fee and sent the DEA letter in which he stated that payment was enclosed, no such payment was ever made. Id., ¶¶ 32-35. Consequently, the DEA has produced no records responsive to Mr. Bartolotta's request because he did not pay the search fee. Id., ¶ 36.

The DEA argues that this action should be dismissed against it because plaintiff has failed to exhaust his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to the maintenance of a Freedom of Information Act claim. Spannaus v. United States Dep't of Justice, 824 F.2d 52, 58 (D.C. Cir. 1987) (citing Stebbins v. Nationwide Mutual Ins. Co., 757 F.2d 364 (D.C. Cir. 1985)); Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995). This Court must dismiss a FOIA action for lack of subject matter jurisdiction if plaintiff has failed to allege proper exhaustion of his administrative remedies. Dettman v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

"Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) (quoting Oglesby v. Dep't of Army, 920 F.2d 57, 66 (D.C. Cir. 1990)). Having not paid the required search fee or filed an application for waiver of the fee, defendant has no obligation to produce the requested records. See 5 U.S.C. § 552(a)(3)(A) (conditioning agency's responsibility to respond to requests on requester's compliance with published rules regarding fees); 28 C.F.R. §§ 16.11(a) (agency regulations governing payment of fees). Because the facts presented by the DEA clearly demonstrate that plaintiff has not completed the administrative FOIA process, the Court will dismiss the agency.

B.  United States Marshals Service

In 1997, Mr. Bartolotta requested all records regarding himself from the United States Marshals Service ("USMS"). See Defs' Facts, ¶¶ 1-2. The USMS produced to Mr. Bartolotta a total of 154 pages in their entirety and another 38 pages with portions withheld pursuant to

FOIA Exemption 7(C). Id., ¶ 20; Declaration of Florastine P. Graham ("Graham Decl."), ¶ 21. An additional 47 pages were referred to the Bureau of Prisons, the United States Parole Commission and the Executive Office for United States Attorneys because they originated with or contained information which originated with those other components of the Department of Justice. Defs' Facts, ¶ 20; Graham Decl., ¶ 11. The referrals were made in compliance with agency regulations, see 28 C.F.R. §§ 16.4, 16.42, and have since been the subjects of responses from the agencies to which the records were referred. Graham Decl., ¶ 21.

Deleted from 38 pages of records disclosed by the USMS were the names and identifying information of Deputy United States Marshals, other government employees, law enforcement officers and third parties on the grounds that disclosure of their names "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); Graham Decl., ¶ 20(a)-(jj). The USMS believes that the disclosure of these names would subject the individuals to "undue public scrutiny, criticism, and harassment and would thereby interfere with the effective performance of official duties and in conducting their private lives." Graham Decl., ¶ 18. Deletion of the names of federal, state and local law enforcement personnel under similar circumstances is routinely upheld. See Lesar v. United States Dep't of Justice, 636 F.2d 472, 487 (D.C. Cir. 1980) (finding legitimate interest in preserving the identities of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); Pray v. Department of Justice, 902 F. Supp. 1, 3 (D.D.C. 1995), aff'd in relevant part, 1996 WL 734142 (D.C. Cir. 1996) (finding possibility of animosity toward FBI agents outweighed any possible benefit from disclosure).

Names and identifying information of private individuals were withheld to protect their own privacy interests. Graham Decl., ¶ 19. Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773-775 (1989); SafeCard Services Inc. v. Securities and Exchange Comm'n, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991). There being no public interest in the disclosure of the identities of these individuals, the Court finds that the USMS properly withheld information pursuant to FOIA Exemption 7(C). Because defendant has shown that no segregable material was improperly withheld, summary judgment will be granted in favor of defendant USMS.

C.   Bureau of Prisons

In 1997, Mr. Bartolotta requested his central file from the Bureau of Prisons. See Defs' Facts, ¶¶ 1-2. On January 26, 1999, the Bureau of Prisons notified Mr. Bartolotta that twelve pages previously contained in the "FOIA Exempt" section of his central file would be made available to him in the viewable portion of his file with portions withheld from ten of these pages. Id., ¶¶ 6-7; Declaration of Daryl J. Kosiak ("Kosiak Decl."), ¶ 12. Portions of one of these pages, a Central Inmate Monitoring report, withheld the name and identifying information of a confidential source, pursuant to FOIA Exemption 7(F). Kosiak Decl., ¶ 15. In addition, the Bureau of Prisons withheld names and identifying information from all ten pages pursuant to FOIA Exemption 7(C). Id. Another nine pages were withheld in their

entirety pursuant to FOIA Exemptions 7(C) and 7(F). Kosiak Decl., ¶ 13. Eight of these pages contained exclusively personal information regarding potential visitors to plaintiff, withheld pursuant to FOIA Exemption 7(C). Id., ¶ 14. The ninth page identified prisoners from whom plaintiff is to be kept separated, withheld pursuant to FOIA Exemptions 7(C) and 7(F). Id.

The Court finds the Bureau of Prisons is justified in withholding information pursuant to FOIA Exemption 7(C) for the same reasons listed above by the USMS. The Bureau of Prisons more limited withholdings from two pages on the grounds of FOIA Exemption 7(F) are justified on the basis that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Considering that the information identifies a fellow inmate from whom the Bureau of Prisons believes plaintiff should be kept separate, the withholding is proper. Because defendant has shown that no segregable material was improperly withheld, summary judgment will be granted in favor of defendant Bureau of Prisons.

D.   United States Parole Commission

In 1998, Mr. Bartolotta requested all records regarding himself from the United States Parole Commission ("Parole Commission"). Defs' Facts, ¶ 37. On April 28, 1999, the Parole Commission sent Mr. Bartolotta 432 pages responsive to his request, of which 34 pages were withheld in part and one page in its entirety pursuant to FOIA Exemptions 2 and 7(C). Id., ¶ 46; Declaration of Pamela Posch ("Posch Decl."), ¶ 15. Another 47 pages were referred to the FBI and the Bureau of Prisons because they originated with or contained information which

originated with those other components of the Department of Justice. Defs' Facts, ¶ 46; Posch Decl., ¶ 15. The referred records have since been the subjects of responses from the agencies to which the records were referred. Posch Decl., ¶¶ 27-28. In response to his appeal, the Parole Commission affirmed the withholdings and produced records provided by plaintiff at his parole hearings. Posch Decl. ¶ 20.

The Parole Commission properly withheld its teletype access code from responsive records pursuant to Exemption 2 because these internal markings would enable individuals to interfere with its communications with other law enforcement agencies. 5 U.S.C. § 552(b)(2); Posch Decl., ¶ 21. The names and other identifying information of victims, witnesses, co-defendants and/or other third parties were also properly withheld from responsive records in compliance with Exemption 7(C). Posch Decl., ¶¶ 22-24. Considering the minor amount of withholdings compared with the amount of material disclosed and the agency's showing that no segregable material was improperly withheld, summary judgment will be granted in favor of defendant Parole Commission.

    E.    <u>Criminal Division of the United States Department of Justice</u>

In 1998, Mr. Bartolotta requested all records regarding himself from the Criminal Division of the United States Department of Justice ("Criminal Division"). Defs' Facts, ¶ 37. The Criminal Division disclosed three responsive documents, one of which had portions withheld pursuant to FOIA Exemptions 5, 6 and 7(C). <u>Id.</u>, ¶¶ 58, 60; Declaration of Linda J. Joachim ("Joachim Decl."), ¶¶ 12-15.

Exemption 5 allows withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." Burka v. United States Dep't of Health and Human Servs., 87 F.3d 508, 516 (D.C. Cir. 1996). This single document is a substantive memorandum prepared by an attorney of the Criminal Division that discusses and analyzes double jeopardy and collateral estoppel issues as they relate to the viability of contemplated litigation under the Racketeer Influenced and Corrupt Organizations Act (RICO). Joachim Decl., ¶ 18. Consequently, it justifies its withholding of information protected by the attorney work product doctrine and deliberate process privilege from this memorandum.

Attorney work product is among the types of material that is not available in discovery. See, e.g., Federal Trade Comm'n v. Grolier, Inc., 462 U.S. 19 (1983). Documents may be withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney" and were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). The type of document at issue contained a government attorney's thoughts, impressions, opinions, theory of the case, litigation strategy, and assessments of facts and issues upon which an attorney could evaluate the case. Joachim Decl., ¶ 21. This information was properly withheld under FOIA exemption 5. See Jimenez v. Federal Bureau of Investigation, 938 F. Supp. 21, 28 (D.D.C. 1996).

The Criminal Division withheld portions of 16 records and two records in their entirety on the grounds that the information was contained in "personnel and medical files and similar

8

files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. ¶ 552(b)(6), and that the records were compiled for law enforcement purposes and "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Joachim Supp., ¶¶ 21-27; Joachim 2d Supp., ¶¶ 7-14. Because the records at issue all deal with a criminal investigation, any responsive records would necessarily be "compiled for law enforcement purposes." See Keys v. United States Dep't of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987).

    The Criminal Division withheld the names and identifying information of two Criminal Division attorneys, the subject of the proposed RICO prosecution and other third parties from this memorandum. Joachim Decl., ¶ 28. Because the disclosure of government agents could subject them to harassment or reprisals, and could make it more difficult to perform "duties which require a low profile," Joachim Decl., ¶ 30, the identification of these attorneys was properly withheld. See Lesar v. United States Dep't of Justice, 636 F.2d at 487. There being no significant public interest in disclosure of the identities of third parties that outweighs the broad privacy rights of those who are connected in any way with such an investigation. See Reporters Committee for Freedom of the Press, 489 U.S. at 773-775. Because this information is properly withheld under Exemption 7(C), the Court will not address the Criminal Division's superfluous withholding under exemption 6. Considering the type of document at issue and the agency's showing that no segregable material was improperly withheld, summary judgment will be granted in favor of defendant Criminal Division.

F.  Executive Office for United States Attorneys

In 1998, Mr. Bartolotta requested all records regarding himself from the Executive Office for United States Attorneys ("EOUSA"). Defs' Facts, ¶ 37. On February 11, 1999, EOUSA sent Mr. Bartolotta 304 pages of which 11 pages were withheld in part. Id., ¶ 68. EOUSA referred 41 pages to the FBI because they originated with that component of the Department of Justice. Defs' Facts, ¶ 68; Declaration of John F. Boseker ("Boseker Decl."), ¶ 16. The referred records were awaiting review in the FBI's backlog as of the date of defendants' motion. Boseker Decl., ¶ 16.

EOUSA withheld 207 pages of responsive records in their entirety and 11 pages in part on the grounds of Exemptions 3, 5 and 7(C). Defendant properly withheld 125 pages of direct grand jury transcripts pursuant to FOIA Exemption 3. Boseker Decl., ¶ 30; Senate of the Commonwealth of Puerto Rico v. United States Dep't of Justice, 823 F.2d 574, 582 (D.C. Cir. 1987) (Rule 6(e) of the Federal Rules of Criminal Procedure precludes the disclosure of "matters occurring before [a] grand jury"). EOUSA also properly withheld records "prepared by an attorney or at an attorney's request or direction, and made in anticipation of or during litigation." Boseker Decl., ¶ 32; Federal Trade Comm'n v. Grolier, Inc., 462 U.S. 19 (1983).

EOUSA has also justified its withholding of the identities of individuals and law enforcement officers from seven letters written by an Assistant United States Attorney and an arrest warrant under FOIA Exemption 7(C). Boseker Decl., ¶¶ 37, 52. Based upon the agency's detailed declaration describing the documents withheld and the justifications for withholding and the agency's showing that no segregable material was improperly withheld, summary judgment will be granted in favor of defendant EOUSA.

G.   Federal Bureau of Investigation

Mr. Bartolotta also requested all records regarding himself from the Federal Bureau of Investigation ("FBI") in a 1997 letter sent to its headquarters and in 1998 letters sent to its field offices in Chicago and Springfield, Illinois and St. Louis and Kansas City, Missouri. See Declaration of Scott A. Hodes ("Hodes Decl."), ¶¶ 5, 7-10. The FBI has sent no records to Mr. Bartolotta because he did not respond to its letter requesting agreement to pay an estimated $641 in copying fees or to limit the size of his request. See Second Declaration of Scott A. Hodes, ¶ 6. Because exhaustion of administrative remedies requires the payment of fees, see Trueblood, 943 F. Supp. at 68, the FBI will be dismissed.

An appropriate order accompanies this Memorandum Opinion.

COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 13, 2000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Nondo Bartolotta,         )
                          )
    Plaintiff,            )
                          )
v.                        )   Civil Action No. 99-1145 (CKK)
                          )
Federal Bureau of Investigation, et al.,  )
                          )
    Defendants.           )

FILED ✓

JUL 1 3 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**JUDGMENT**

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that defendants' Motion for Summary Judgment [#31] is GRANTED; it is

FURTHER ORDERED that defendant Federal Bureau of Investigation's motion for disposition of the case [#34] is GRANTED; it is

FURTHER ORDERED that defendant Federal Bureau of Investigation's motion for stay [#29] and plaintiff's motion to strike the motion for a stay [#30] are DENIED as moot; and it is

FURTHER ORDERED that JUDGMENT is entered in favor of all defendants. Any other pending motions are denied as moot. This is a final appealable order. See Fed. R. App. P. 4(a).

SO ORDERED.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: July 13, 2000