FILE COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

1987 AUG 13 PM 2: 34

Roger R. Luther,
# 02119-041-C,

    Plaintiff,

vs.

Internal Revenue Service,

    Defendant.

ORDER

Civil No. 5-86-130

    Before the Court are plaintiff's objections to the Magistrate's Report and Recommendation of June 8, 1987 dismissing plaintiff's Privacy Act complaint. Plaintiff Roger R. Luther objects pro se. Stuart D. Gibson, Esq. represents defendant.

    Like defendant, the Court is perplexed as to the precise nature of plaintiff's pending objections. Construing his submission liberally as the Court must, it appears that plaintiff believes that his *in forma pauperis* status somehow contributed to defendant's failure to release requested documents. Plaintiff also challenges defendant's actions as in excess of unspecified statutory and constitutional authorities.

    The Court has reviewed this matter *de novo* and adopts the Magistrate's Report and Recommendation. There is absolutely nothing to suggest that plaintiff's *in forma pauperis* status had any impact whatsoever on determining the merits of defendant's motion. This Court, like the Magistrate, concludes that defendant has discharged its statutory obligations by

FILED AUG 11 1987
JUDGEMENT ENTERED AUG 11 1987

1

articulating grounds for nondisclosure which are consistent with statutory exemptions upon which defendant relies.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss be granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August /0 , 1987

*[signature]*
ROBERT G. RENNER
United States District Judge

1987 JUN 12 PM 1:53

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

* * * * * * * * * * * * * * * * * *

ROGER R. LUTHER,
#02119-041-C,

      Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

      Defendant.

REPORT AND RECOMMENDATION

Civ. No. 5-86-130

* * * * * * * * * * * * * * * * * *

At Duluth, in said District, this 8th day of June, 1987.

The above titled case is before the undersigned United States Magistrate, pursuant to special assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B), and pursuant to a general assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A), upon a motion by defendant to dismiss the action.

I.

The facts of this case were set forth in detail in the Report and Recommendation of October 22, 1986, and will be only briefly recounted here.

On March 19 and 20, 1986, plaintiff directed requests to the District Director, Internal Revenue Service, pursuant to provisions of the Privacy Act, Title 5 U.S.C. §552a, for any document pertaining to plaintiff for the years 1981 through 1983, located in two systems of records identified as Examination Administrative File, IRS System 42.001, and Audit Information Management System, IRS System 42.008. The IRS refused to

-1-

disclose the records contending that they were investigative material compiled for law enforcement purposes, and exempt from the access provisions of the Privacy Act. See, Title 5 U.S.C. §552a(k)(2).

Plaintiff filed this action on May 19, 1986, seeking an order compelling the IRS to disclose the requested documents, or, alternatively, compelling the IRS to provide an index and itemization of the documents and a detailed justification for withholding.

On January 5, 1987, the Court ordered defendant to provide the Court and plaintiff with an index and itemization of the documents to which plaintiff was being denied access, and a correlation of the index and itemization with the justification for denial of access.

On March 9, 1987, defendant complied with the Order.

Defendant seeks dismissal of the action, alleging that there is no longer a justiciable controversy. Plaintiff has not opposed the motion.

II.

Under the Privacy and the Freedom of Information Acts, in most circumstances, when an individual brings a civil action challenging an agency decision to withhold documents, the Court must determine de novo whether the documents were properly withheld. Title 5 U.S.C. §§552a(g)(3)(a), 552(a)(4)(B). The burden of justifying withholding is on the agency. Title 5 U.S.C. §§552a(g)(3)(a), 552(a)(4)(B); see, Miller v. United

-2-

States Dept. of State, 779 F.2d 1378, 1382-83 (8th Cir. 1985). An index and itemization is necessary to enable the Court to review defendant's claim that the documents are exempt in their entirety, Title 5 U.S.C. §552a(k)(2), and must adequately describe each withheld document withheld, and deletions from released documents, and state and explain the exemption claimed. Barney v. Internal Revenue Service, 618 F.2d 1268, 1272 (8th Cir. 1980) (per curiam); Founding Church of Scientology, Inc. v. Bell, 603 F.2d 945, 947 (D.C. Cir. 1979).

The index and itemization and accompanying affidavits, indicate that the 70 documents at issue are related in some manner to the determination of plaintiff's tax liability under the Internal Revenue Code.

Defendant's original position was that the documents requested were exempt from disclosure under the specific exemption provisions of the Privacy Act. Title 5 U.S.C. §552a(k)(2). Insofar as plaintiff's action was brought pursuant to the provisions of the Privacy Act, defendant's proffered ground for withholding documents is somewhat puzzling. However, since plaintiff has not indicated any opposition to defendant's motion, the Court will evaluate defendant's justifications for withholding under the provisions of the FOIA.

III.

Defendant has excised from one document the Discriminant Function (DIF) score assigned to plaintiff's tax return, on grounds that the information is exempt from disclosure pursuant

-3-

to subsections (b)(3)[1] and (b)(7)(E)[2] of the FOIA. Title 5 U.S.C. §§552(b)(3), (7)(E). A DIF score is a statistical scoring method used by the IRS to determine which tax returns will be audited. Information collected by the Internal Revenue Service relevant to the determination of tax liability is classified as "return information", see, Title 26 U.S.C. §6103(b), disclosure is prohibited. Id. The DIF score is specifically exempt from disclosure. Church of Scientology of Cal. v. I.R.S., 792 F.2d 146, 148-50 (D.C. Cir. 1986); Title 5 U.S.C. §552(b)(3).

The DIF score is an investigative technique, and is also exempt from disclosure under subsection (b)(7)(E) of the FOIA.

---

[1] Title 5 U.S.C. §552(b)(3) exempts from disclosure documents that are specifically exempted from disclosure by statute, provided that the statute:

> (A) requires withholding in such a manner so as to leave no discretion on the issue, or
>
> (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

[2] Title 5 U.S.C. § 552(b)(7)(E) provides for the exemption of investigatory records compiled for law enforcement purposes, but only to the extent that the disclosure of such records would:

> disclose investigative techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

-4-

IV.

Defendant has withheld documents consisting of recommendations, draft computations and other work papers compiled by revenue agents concerning plaintiff's tax liability as material that is part of the predecisional deliberative process in determining action to take on a particular case. Title 5 U.S.C. §552(b)(5).[3]

The purpose of Exemption 5 of the FOIA is to:

> "protect the deliberative process of the government, by ensuring that persons in an advisory role would be able to express freely their opinions without fear of publicity that might inhibit frank discussion of policy matters."

Bureau of Nat. Affairs v. United States Dept. of Justice, 742 F.2d 1484, 1496-97 (D.C.Cir. 1984).

Advice, recommendations and opinions which precede adoption of agency policy or action are part of the decision making process, and are protected from disclosure under subsection (b)(5). Id.; N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 151-53 (1975). The information withheld by defendant consists of recommendations and information collected by revenue agents regarding plaintiff's civil tax liability, and was predecisional. Defendant has properly withheld this information.

---

[3] Title 5 U.S.C. §552(b)(5) exempts from disclosure inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

-5-

V.

Finally, defendant contends that portions of some documents are exempt from disclosure because the information falls under subsections (b)(7)(C) and (b)(7)(F) of the FOIA. Title 5 U.S.C. §§552(b)(7)(C), (b)(7)(F).[4] The threshold requirement is that the be withheld must be investigative material compiled for law enforcement purposes. Kuehnert v. F.B.I., 620 F.2d 662, 667 (8th Cir. 1980). This information was compiled to evaluate plaintiff's tax liability, the clear inference is that the information is connected to tax law enforcement activities, and the material meets the threshold requirement. Cf., Kuehnert v. F.B.I., supra; Barney v. I.R.S., supra. The information excised contains the names and identifying information of defendant's employees, other federal employees, and third persons who may be unknown to plaintiff. Withholding of this information is proper to protect the privacy of the individuals, as well as to protect them from possible harm by plaintiff, who has threatened defendant's employees in the past. Cf., Kiraly v. F.B.I., 730 F.2d 882, 883 (6th Cir. 1984).

---

[4] Title 5 U.S.C. §552(b)(7) exempts from disclosure records compiled for law enforcement purposes, but only to the extent that the production of such information:

> (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, or ...
>
> (F) could reasonably be expected to endanger the life or physical safety of any individual.

-6-

Defendant has fairly described the content of the material withheld, and adequately stated its grounds for nondisclosure. The grounds are reasonable and consistent with the exemptions upon which defendant relies, and plaintiff has not contested defendant's justification for withholding information. Defendant has discharged its burden under the statute. Cf., <u>Miller v. Dept. of State</u>, supra; <u>Kuehnert v. F.B.I.</u>, supra.

WHEREFORE, It is--

RECOMMENDED:

That defendant's motion to dismiss be granted.

Patrick J. McNulty<br>
UNITED STATES MAGISTRATE

Attention is drawn to Local Rule 16 and the attached.

-7-

## NOTICE

Pursuant to Local Rule 16(C)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties, within ten (10) days, a writing which specifically identifies those portions of this Report to which objection is made and the basis for that objection. Failure to comply with this provision shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.