FILE COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,

    Plaintiff,

v.                              Civil Action No. 00-1229 (JR)

BUREAU OF PRISONS,

    Defendant.

FILED
JUN - 6 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Plaintiff is a prisoner at the United States Penitentiary, Leavenworth, Kansas. On December 13, 1999, Hidalgo made a FOIA request to the Bureau of Prisons, seeking "full disclosure of the B.O.P. complete Central file (Sentry) and release of all records and/or data contained in the files of your agency, and specifically under my name, or with the mentioning of my name and/or identifier assigned to my name." Declaration of Daryl J. Kosiak ("Kosiak Decl."), Attachment A. Hidalgo stated that he was requesting the information for the purpose of "amendment, deletion and/or expungement" under the Privacy Act. Id.

BOP released responsive documents on February 17, 2000, September 6, 2000, and in December 2000. In the first release, BOP provided copies of 62 pages of records, ten of those with redactions, and withheld 15 pages in their entirety. In the second release, after this action was commenced, BOP produced portions of an additional three pages. The third release was made in response to Hidalgo's opposition to the pending motion and after an additional search. This time, as reflected in BOP's supplemental Vaughn index, 16 responsive pages were located. Six of those were released in full, six were redacted, and four were withheld in their entirety.[1] In

---

[1] Defendant's stated count of the December 2000 release is not consistent with the supplemental Vaughn index. The Court's count is based on the supplemental index.

total, it appears that BOP has located 93 pages of responsive pages of records, of which 58 pages have been released in full, 19 have been released with redactions, and 16 have been withheld in full. BOP has also informed Hidalgo that "non-exempt sections" of his central inmate file and medical file are available for his review and copying. Kosiak Supp. Decl. ¶ 5.

Now before the Court are BOP's motion for summary judgment and supplemental motion for summary judgment, both of which Hidalgo opposes. Both will be granted.

## DISCUSSION

### PRIVACY ACT

To the extent plaintiff seeks correction of his prison files, he fails to state a claim. Pursuant to 5 U.S.C. § 522a (j)(2), the Department of Justice has exempted the Bureau of Prisons central records file from the amendment provisions of the Privacy Act. See 28 C.F.R. § 16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (citing Deters v. U.S. Parole Commission, 85 F.3d at 658, n. 2 (D.C. Cir. 1996)) (other citations omitted).

### FREEDOM OF INFORMATION ACT

An agency prevails in a FOIA action if it establishes that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." National Cable Television Ass'n, Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973). The Court may award summary judgment solely on the information provided in affidavits or declarations that explain how requested information falls within a claimed exemption if the affidavits or declarations are sufficiently detailed, nonconclusory and

2

submitted in good faith. Cucci v. Drug Enforcement Administration, 871 F. Supp. 508, 510 (D.D.C. 1994) (citing Goland v. CIA 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980)). BOP initially withheld responsive information under FOIA exemptions 7(C), 7(E) and 7(F), but is no longer asserting exemption 7(E) because the September 6 release included all information previously withheld under that exemption. See Defendant's Motion for Summary Judgment n. 2. Exemption 7 protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms. 5 U.S.C. § 552 (b)(7). Responsive records were located in files compiled "during the course of [the Bureau of Prisons'] performance of its law enforcement function of protecting inmates, staff and the community" and in files "compiled during the course of the BOP's investigation into whether there was a violation of the BOP's internal rules and regulations regarding fighting." Kosiak Second Supplemental Decl. ¶ 13. They satisfy the threshold law enforcement requirement.

 Exemption 7(C) protects information that, if disclosed, "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). Defendant invoked this exemption to protect third-party information, including other inmate's names and register numbers and their personal information, e.g., a one-page Injury Assessment form; a page of photographs and medical information; an incident report; and various memoranda and letters containing information about inmates who have been separated from Hidalgo. Kosiak Decl. ¶ 25; Kosiak Second Supp. Decl. ¶ 15 and supporting Vaughn indexes. Defendant asserts that the disclosure of such information could subject the third-party individuals to "retaliation, threats, harassment, or other actions at the direction and discretion of the plaintiff." Kosiak Decl. ¶ 25.

The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure for the asserted reasons. See Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995) (citing Dep't. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 779 (1989); Baez v. Department of Justice, 647 F.2d 1328, 1338 (D.C. Cir. 1980); Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987)).

Defendant also invoked Exemption 7 (F) in conjunction with 7 (C) to withhold information about "plaintiff's separatees and/or plaintiff[']s actions, all of which, could endanger the life or physical safety of any individual." Kosiak Decl. ¶ 28. According to the Vaughn index, "the information withheld consists of the names and personal identifiers of individuals." Because Exemption 7(C) justifies withholding the same information, the Court will not discuss Exemption 7(F), but finds defendant's reliance on that exemption equally appropriate.

*Public Interest Exception*

Hidalgo asserts that the BOP has retaliated against him for his published criticisms of the BOP and for his allegations of prosecutorial misconduct during his criminal proceedings. He then argues that his desire to expose these alleged retaliatory acts gives rise to an overriding public interest that requires release of the exempt information. A public interest showing is made out by establishing that the information is necessary to confirm or refute "compelling evidence that the agency denying the FOIA request is engaged in illegal activity." Quinon v. FBI, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (internal citations omitted). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. Brown v. FBI, 658 F.2d 71, 75 (2d Cir.1981) (citing Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir.1975)).

4

Hidalgo's self-serving reasons do not come close to satisfying the public interest necessary to outweigh the "substantial" privacy interests of third parties. See SafeCard Services, Inc., v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

*Adequacy of the Search*

Hidalgo appears to assert that BOP did not adequately search its files for responsive records. The Court is satisfied from the defendant's descriptions of its initial and supplemental searches, Kosiak Decl. ¶¶ 15-18; Kosiak Supp. Decl. ¶¶ 4-9; Kosiak Second Supp. Decl. ¶¶ 1-11, that BOP searched the files reasonably likely to locate records responsive to Hidalgo's request.

*Segregability of Records*

When, as here, records are withheld in their entirety, the district court must determine whether nonexempt information could have been segregated and released. Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). Defendant avers, and the Vaughn indexes show, that the pages withheld in full in the first release contained all third-party information that could not have reasonably been segregated. Kosiak Decl. ¶¶ 34-35. The supplemental Vaughn index reflects the same for the December 2000 withholding of four pages in full. A separate order accompanies this Memorandum Opinion.

_____
James Robertson
United States District Judge

Date: June 5, 2001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER J. HIDALGO,

    Plaintiff,

v.                                                    Civil Action No. 00-1229 (JR)

BUREAU OF PRISONS,

    Defendant.

**FILED**

JUN - 6 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER AND JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that defendant's motion for summary judgment [# 19] and supplemental motion for summary judgment [# 34] are GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED. This is a final appealable Order.

James Robertson
United States District Judge

Date: June 5, 2001