FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 97-1225-CIV-MOORE
MAGISTRATE JUDGE GARBER

KELBY RAMON FRANKLIN,

    Plaintiff,

v.

U.S. DRUG DEPARTMENT OF JUSTICE;
DRUG ENFORCEMENT ADMINISTRATION;
EXECUTIVE OFFICE FOR U.S.
ATTORNEYS; and FEDERAL BUREAU
OF INVESTIGATION;

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court pursuant to an Order of Reference entered by the Honorable Michael K. Moore, United States District Judge. The following Report and Recommendation is hereby submitted on Defendant's Motion for Summary Judgment.

## BACKGROUND

Kelby Ramon Franklin, a pro se litigant, filed this action for injunctive relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and under the Privacy Act, 5 U.S.C. § 552a. On September 3, 1996, Plaintiff submitted requests to the Drug Enforcement Administration ("DEA"), pertaining to himself and third parties. On October 2, 1996, Plaintiff requested expedited treatment which was subsequently denied by the DEA. On October 14, 1996, and on January 3, 1997, Plaintiff renewed his request for expedited treatment and provided notarized authorizations

1

from nine co-defendants and copies of death certificates for two co-defendants.[1] On January 24, 1997, Defendant released 44 pages to Plaintiff and withheld 87 pages in their entirety pursuant to FOIA exemptions §§ 552 (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F) and also exemption (j)(2) of the Privacy Act.[2] On January 29, 1997, Plaintiff filed an administrative appeal with the Office of Information and Privacy ("OIP") and the U.S. Department of Justice ("DOJ").[3] On May 12, 1997, and on June 9, 1997, DEA issued supplemental releases of portions of six pages containing information about the two deceased co-defendants and excerpts of 21 pages containing information about nine of the Plaintiff's co-defendants.[4] The DEA found 137 pages of material responsive to Plaintiff's FOIA request.[5] On October 27, 1997, Plaintiff filed a Motion for Partial Summary Judgment. In their response of November 5, 1997, Defendants claimed various exemptions under the FOIA, but failed to file supporting affidavits. On February 5, 1998, this Court sua sponte ordered the government to file affidavits in support of the claimed exemptions. On March 9, 1998, Defendants filed the instant Motion for Summary Judgment on the grounds that it has released all

---

[1] Plaintiff addressed his request letter of January 3, 1997, to DEA's West Palm Beach, Florida office. Since DEA's official records are maintained in a system at DEA headquarters, DEA's letter of January 24, 1997, was responsive to both of Plaintiff's request.

[2] DEA referred six pages of records to the FBI for direct response to Plaintiff. See Defendant's Motion to Dismiss at 3.

[3] On April 24, 1997, Plaintiff filed a complaint for an Order for Production of Documents and to Compel Further Search. See Case No. 97-1225-CIV-MOORE.

[4] Portions of the pages with regard to the deceased co-defendants were withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C) (b)(7)(D), and (b)(7)(F).

[5] Of the 137 pages, sixty one (61) pages were withheld in its entirety. Portions of seventy (70) pages were released to the Plaintiff. Six (6) pages were referred to the FBI for direct response.

material responsive to Plaintiff's request except information withheld pursuant to exceptions under the FOIA, specifically, § 552 (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F) of the FOIA, and exemption (j)(2) of the Privacy Act. In their motion, Defendants included a detailed statement of facts supported by declarations of government personnel.[6] Plaintiff, in response, questions the propriety of some of the claimed exemptions and challenges the sufficiency of the Vaughn indices provided by the government. Plaintiff further contends that Defendants' search for records was incomplete.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are insufficient to deny summary judgment; rather the adverse party must set forth specific facts showing that there is no genuine issue for trial." Fed.R.Civ.P. 56(e). At the summary judgment stage, the trial court's function is "not to weigh the evidence and determine the truth of the matter, but to determine whether there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party." Dees v. City of Miami, 747 F. Supp. 679 (S.D. Fla. 1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

The movant has the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only when that burden has been met does

---

[6] Defendants filed the declarations of Lelia I. Wassom, DEA paralegal specialist, Freedom of Information Section, DEA Headquarters, John F. Boseker, EOUSA attorney advisor, and Williams G. Dolde, Chief Division Counsel to the FBI Miami Field Office. See Defendant's Motion for Summary Judgment at 2.

3

the burden shift to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); See also Clark v. Coats & Clark, 929 F.2d 604, 608 (11th Cir. 1991). The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." Celotex, 477 U.S. at 323.

In reviewing a motion for summary judgment, the trial court must consider all the evidence in the light most favorable to the non-moving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. Environmental Defense Fund v. Marsh, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co., 420 F.2d 1211, 1213 (5th Cir. 1969).

In an FOIA case, the Third Circuit in McDonnell v. U.S., 4 F.3d 1227, 1243 (3rd Cir. 1993), adopted the standards governing summary judgment that includes, inter alia, the following:

> [A]n agency is entitled to summary judgment if its affidavits (1) "describe the withheld information and the justification for withholding with reasonable specificity demonstrating a logical connection between the information and the claimed exemptions."... and (2) "are not controverted by either contrary evidence in the record or evidence of agency bad faith."...

The government bears the burden of demonstrating "that the withheld material is under the purview of an Executive Order and has been properly classified pursuant to such order." Patterson v. FBI, 705 F.Supp. 1033, 1039 (D.N.J.1989), cert. denied, 498 U.S. 812 (1990). See e.g. Ely v. Federal Bureau of Investigation, 781 F.2d 1487-1489, 1490 (11th Cir. 1986) (government bears the

burden of justifying that an exemption was properly invoked in its decision to withhold information). The Court may grant summary judgment solely on the basis of affidavits or declarations that explain how requested information falls within a claimed exception if the affidavits or declarations are sufficiently detailed, non-conclusory and submitted in good faith. Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert denied, 445 U.S. 927 (1980).

## DISCUSSION

### I. FOIA

Congress enacted FOIA to facilitate public access to government documents. United States Department of State v. Ray, 502 U.S. 164, 173,174. (1991). The statute reflects a philosophy of full agency disclosure in order to ensure an informed citizenry, which is vital to the functioning of a democratic society, John Doe Agency v. John Doe Corporation, 493 U.S. 146 (1989) (quoting Department of Air Force v. Rose, 425 U.S. 352, 360,361 (1976)). To this end, FOIA requires governmental agencies to make promptly available any records requested so long as the request reasonably describes such records and is not encompassed in an FOIA exemption. United States Department of Justice v. Landano, 113 S.Ct. 2014 (1993).

The FOIA exemptions reflect a desire to reach a balance between the right of the public to know what its government is up to and the need of the government to keep information in confidence. See John Doe Agency, supra 493 U.S. at 146. However, the FOIA exemptions recognize that public disclosure is not always in the public interest. Wichlacz v. U.S. Department of Interior, 938 F. Supp. 325, 330 (E.D.Va. 1996). FOIA cases are narrowly construed in favor of disclosure, therefore the agency has the burden of showing that a statutory exemption applies. The agency may meet this burden by filing affidavits describing the material withheld and detailing with reasonable specificity

why it fits into a claimed exemption. McDonnell v. United States, 4 F.3d 1227, 1241 (3d Cir. 1993).

II) EXEMPTION (b)(2)

Exemption (b)(2) protects information relating solely to the internal personnel rules and practices of an agency. 5 U.S.C.A. § 552(b)(2). In order to fall within exception (b)(2), the withheld material must be "predominantly internal" and its disclosure "significantly risk circumvention of agency regulations or statutes." Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051, 1073, 1074 (1981). According to the Crooker test, whether there is any public interest in disclosure is irrelevant because the concerns in FOIA cases is that an FOIA disclosure should not benefit those attempting to violate the law and avoid detection. Id. at 1053.

In the instant case, pursuant to Exemption (b)(2), Defendant redacted violator identifiers known as G-DEP codes and NADDIS numbers, as well as informant identifier codes.[7] Defendants contend that both the G-DEP codes and NADDIS numbers are part of DEA's internal system for purposes of identifying information and individuals and, if disclosed, would circumvent the agency's investigation and law enforcement efforts. See Manna v. United States Department of Justice, 832 F. Supp. 866, 872, 880 (D.N.J. 1995) (holding the release of G-DEP and NADDIS numbers, which are internal codes used by the DEA to facilitate administrative and record keeping procedures would impede investigative and enforcement efforts). Defendant maintains that the release of these codes

---

[7] G-DEP (Geographical Drug Enforcement Program) codes are assigned to all DEA cases and indicate the classification of the violator, the types and amounts of suspects and drugs involved, the priority of the investigation, and the suspected location and scope of criminal activity. NADDIS (Narcotic and Dangerous Drug Information System) numbers are multi-digit numbers assigned to drug violators and suspected drug violators known to DEA. Informant Identifier Codes are codes assigned to DEA cooperating individuals and are used in lieu of their name in all DEA reports, memoranda and internal correspondence. Exemptions (b)(7)(C) and (b)(7)(D) were used in conjunction with (b)(2) in order to withhold the identities associated with the Informant Identifier Codes.

would provide suspects with an opportunity to decode information whereby the suspects could change their pattern of drug trafficking and thereby thwart the DEA's investigative and law enforcement efforts. See Watson v. United States Department of Justice, 799 F. Supp. 193, 195 (D.D.C. 1992). Courts have interpreted Exemption (b)(2) to allow the withholding of law enforcement identification codes. Silets v. United States Department of Justice, 945 F.2d 227, 230 (7th Cir. 1991). Based on the foregoing, this Court finds that these codes are matters related to internal agency practice in which the public has no substantial interest and which bear no relation to the substantive content of the records sought by Plaintiff. Accordingly, Defendant properly withheld codes under Exemption (b)(2) of the FOIA.

II) **EXEMPTION (b)(7)(A)**

Exception 7(A) exempts from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with law enforcement proceedings. 5 U.S.C. § 522(b)(7)(A). In order for a document to qualify as exempt under Exemption 7(A), an agency must show: (1) that a law enforcement proceeding is pending or prospective; and (2) that release of information regarding the proceeding could reasonably be expected to cause some articulable harm. National Labor Relations Board v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978). This exemption applies when release of law enforcement information would harm the government's case in court. Id. at 232. This Court must first make a threshold determination whether the records were "compiled for law enforcement purposes." In order to meet this threshold, the Court must demonstrate a nexus between the records and the enforcement of federal or state law. See Lewis v. IRS., 823 F.2d 375, 379 (9th Cir. 1987). Courts have accorded deferential treatment to an agency's claim that records were compiled for "law enforcement

7

purposes" where the agency's principal function is criminal law enforcement. Stern v. F.B.I., 737 F.2d 84, 89 (D.C. Cir. 1984).

The DEA, as the federal agency charged with the primary responsibility for enforcing federal drug laws, has met the requisite criminal law enforcement rule as delineated in Stern. For instance, the Dodle and Boseker Declarations indicate that the records requested by Plaintiff were compiled by the DEA during the course of a criminal investigation. Specifically, the declaration indicates that Plaintiff and ten co-defendants were convicted and sentenced in October of 1996. Moreover there are multiple federal appeals pending, and Plaintiff and several co-defendants are awaiting trial on murder charges of a cooperating witness in the Circuit Court for Palm Beach County. In addition, the FBI worked with state and local law enforcement in the investigation stages which is contained in FBI files. See Dodle Declaration at 24-25, 29. The Declaration describes the withheld documents in sufficient detail to permit the determination that they were compiled for law enforcement purposes. This is apparent due to the very nature of Plaintiff's request. Plaintiff requested production of the withheld portions of documents and any documents concerning the 1996 criminal trial of Plaintiff. See Declaration in Support of Plaintiff's Motion for Partial Summary Judgment at ¶ 11.

Defendants maintain that due to the continuing activity of the federal case and the pending murder trial, disclosure of records responsive to Plaintiff's request could reasonably be expected to interfere with legal proceedings. Under Exemption 7(A), the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding. NLRB v. Robbins Tire & Rubber Co., supra 437 U.S. at 235. Rather, federal courts may make generic determinations that "with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case

is pending would generally interfere with enforcement proceedings." Id. at 236 (emphasis added). Plaintiff maintains that any and all Brady material is needed to challenge his federal conviction in the 1996 criminal trial as well as in the state murder trial. See Declaration in Support of Plaintiff's Motion for Partial Summary Judgment at ¶ 11. Defendant, however, points out that "FOIA is not a discovery statute," and "judicial process is available, both pre-trial and post-trial, for the Plaintiff's purposes." Johnson v. United States Department of Justice, 758 F. Supp 2, 4-5 (D.D.C. 1991).

Disclosure of records pertaining to Plaintiff and third parties would necessarily interfere with investigations and law enforcement efforts, and that release of information could reasonably be expected to cause some articulable harm. Accordingly, this Court finds that the withheld records clearly constitute records or information compiled for law enforcement purposes, and Defendants properly withheld material pursuant to Exemption (b)(7)(A).

## IV) EXEMPTION (b)(7)(C)

5 U.S.C. § 552(b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

The Third Circuit in United States Department of Justice v. Landano, 113 S.Ct. 2014 (1993), set forth the following standards for determining whether information is exempt under Exemption 7(C).

An agency's invocation of Exemption 7(c) requires [the court] to identify the privacy interests that would be affected by release of the requested information as well as the public interests that would be served by disclosure. After identifying the competing interests the court is then called upon to balance those interests to determine if disclosure is appropriate, i.e., whether disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Id. at 425-426 (citing United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989)).

9

i) Privacy Interest

Defendants sought to withhold the identities of and personal information about third parties, accomplices, and co-defendants, including the names, addresses, and other information that would identify individuals associated with Plaintiff. The record reflects that Plaintiff has personal knowledge concerning the individuals whom he is seeking information. As the Eleventh Circuit stated in L & C Marine Transport, L.T.D. v. United States, 740 F.2d 919, 922-23 (11th Cir. 1984), where individuals such as witnesses have already been identified, disclosure of information which may be linked to them may constitute an unwarranted invasion of privacy.

Among the withheld information were documents referred to the FBI by the DEA and the U.S. Marshal's Service, including rap-sheets. See Dodle Declaration at ¶ 18. Indeed, the privacy interest in maintaining anonymity of rap-sheet information will always be high. When the subject of a rap-sheet is a private citizen and when the information is in the government's control as a compilation rather than as a record of 'what the government is up to,' the privacy interest protected by Exemption (c) is at its apex while the FOIA based public interest in disclosure is at its nadir. Sheet Metal Workers International Association, Local Union No. 19 v. U.S. Department of Veterans Affairs, 1998 WL 47645 (3rd Cir. Pa.). Plaintiff requests law enforcement records or information about private citizens. In Landano, 113 S.Ct. at 2014, the Court recognized that individuals who are associated with a criminal investigation have a privacy interest under Exemption 7(c) of the FOIA such that the government may be justified in refusing to disclose their names. Id. at 427. Law enforcement officers, suspects, witnesses, innocent third parties and individuals named in investigative files all have substantial privacy interests in not having their names revealed in connection with the subject matter of a criminal investigation because such revelation could result in embarrassment or

10

harassment. See e.g. Wichlacz v. U.S. Department of Interior, 938 F. Supp. 325, 330 (E.D.Va. 1996); Manna v. U.S. Department of Justice, 832 F. Supp. at 866; Wassom Declaration at 14.

It is Plaintiff's contention that the public has an interest in viewing the government's operations concerning allegations of misconduct in its investigation of the "Parson Organization." When balanced against the public interest of determining whether law enforcement agencies have engaged in impropriety concerning the investigation of the Parson Organization, Plaintiff suggests that the individuals must surrender their negligible privacy interest. Plaintiff's argument, however, ignores the fundamental principle enunciated by the Supreme Court in United States Department of Justice v. Reporter's Committee for Freedom of the Press, 489 U.S. 749 (1989); "... a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy, and that when the requester seeks no 'official information' about a government agency, but merely records what the government happens to be storing, the invasion of privacy is unwarranted." Id. at 780. Although Plaintiff claims that he is seeking the information to shed light on whether the government fabricated and/or concealed evidence, he has not set forth evidence to support his allegations. Plaintiff points out that because the government worked closely with the eight listed trial witnesses in preparation of their trial testimony, disclosure would reveal government misconduct. See Brief in Support of Plaintiff's Motion For Partial Summary Judgment at 7. However, disclosure under these circumstances is relatively uncompelling. Plaintiff fails to offer concrete proof of the alleged government misconduct. See Manna v. U.S. Department of Justice, 832 F. Supp. 866 (D.N.J. 1995) (holding absent proof of misconduct, there is no justification to invade the demonstrable privacy interests involved, and the Court "need not linger over the balance" because "something ... outweighs nothing every time." Id. at 116)(quoting National Ass'n

11

of Retired Federal Employees v. Horner, 879 F.2d 873, 879 (D.C. Dir. 1989), cert. denied, 494 U.S. 1078 (1990)). In the instant case, Defendants set forth in their declarations specific reasons why these persons have a privacy interest in nondisclosure of their identities. See Wassom, Dodle, and Boseker Declarations. Plaintiff, however, argues that the passage of time since the investigation negates any individual's privacy interest in nondisclosure. See Brief in Support of Plaintiff's Motion for Partial Summary Judgment at 6. However, the Court in Landano rejected this notion, noting that, "while the privacy interests of those involved in a criminal investigation may become diluted by the passage of time... the potential for embarrassment and harassment may endure for many years." Landano, 956 F.2d at 427 (citing Diamond v. FBI, 707 F.3d 75,77 (2nd Cir. 1983) cert. denied, 465 U.S. 1004 (1984)). Based upon the foregoing, Defendant has asserted a valid privacy interest in withholding the identities of the individuals involved.

ii) Public Interest

The next step in the inquiry is to examine the public interest in disclosure. The Supreme Court in United States Department of Justice v. Reporter's Committee for Freedom of the Press, 489 U.S. 749 (1989), identified relevant public interests that may be weighed against private interests under Exemption 7(C). Neither the purposes for which the request is made nor identity of the requester can determine whether the public has an interest in disclosure. Id. at 771. Rather, the public interest inquiry turns on the nature of the requested document and its relationship to the purpose of the FOIA to open up agency actions to the light of public scrutiny. Id. at 772 (quoting Department of Air Force v. Rose, 425 U.S. at 352). Defendants maintain that there is no public interest in the release of the withheld information because disclosure would not explain the activities or operations of the government. Plaintiff asserts that there is a public interest in revealing governmental actions

in connection with the Parson Organization investigation. Although scrutiny of governmental action is the purpose for which the FOIA was enacted, it is difficult to see how the disclosure of identities would further Plaintiff's scrutiny of governmental actions in this case. Moreover, the Wassom, Dodle and Boseker Declarations indicate that Defendants have disclosed documents relating to the investigation after redacting the names of persons involved, as well as any information reasonably calculated to lead to their identity. It appears that the relationship between the disclosure of these identities and Plaintiff's asserted interest in scrutinizing governmental action falls short of justifying the individual's privacy interests in nondisclosure. Accordingly, this Court finds that Defendant properly withheld the identities pursuant to Exemption 7(C).

iii) Balancing

Based upon the fact that the individuals referred to in the documents requested by Plaintiff have a privacy interest in not having their identities disclosed, and because any public interest in having this information disclosed is too attenuated, this Court finds that the public interest does not outweigh the private interests involved. Hence, disclosure of the names, addresses and other information that would identify individuals associated with Plaintiff could reasonably be expected to constitute an unwarranted invasion of personal privacy.

V) EXEMPTION (b)(7)(D)

The Defendant asserts Exemption (b)(7)(D) in withholding several pages of documents based upon the express promises of confidentiality that were given to coded and non-coded sources of information. Exemption (b)(7)(D) is designed to provide protection for investigatory material which "could reasonably be expected to disclose the identity of a confidential source, . . . 0which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal

13

law enforcement authority in the course of a criminal investigation or . . . information furnished by a confidential source." 5 U.S.C.A. § 522(b)(7)(D). Exemption(b)(7)(D) has long been recognized as affording the most comprehensive protection of all of the FOIA's law enforcement exemptions. See Irons v. FBI, 880 F.2d 1446, 1452 (1st Cir. 1989) (en banc). Not all information received from sources in the course of criminal investigations, however, is entitled to a presumption of confidentiality. United States Department of Justice v. Landano, 113 S.Ct. 2014 (1993). In Landano, the United States Supreme Court ruled that source confidentiality must be determined on a case-by-case basis, recognizing that it may be true that most individual sources will expect confidentiality. Id. at 2021, 2022. Thus, under Landano, the government has the burden of showing that a source received express assurances of confidentiality or that circumstances existed from which an inference of confidentiality can be assumed.

Defendant withheld the identities and the information provided by coded[8] and non-coded sources based upon express promises of confidentiality. See Wassom Declaration at 12-15. Given the serious nature of the criminal charges being investigated and the fact that Plaintiff is a known distributor of cocaine who carried a gun during transactions, it is reasonable to infer that individuals who provided information about Plaintiff would fear for their safety if their identities were revealed.

Applying the Landano analysis to the information withheld in the instant case, this Court finds that Defendant adequately showed that each individual whose name or identifying data was withheld received an express assurance of confidentiality. Therefore, this Court finds that Defendant properly

---

[8] Coded sources are individuals who are assigned codes in lieu of their names in order to protect their confidentiality. These individuals continually cooperate with DEA and are given express assurances of confidentiality. Moreover, They are assigned an identification code that is uses in lieu of their name; commonly referred to as "CI". See Wassom Declaration at 15.

redacted records to protect disclosure of the identity of confidential sources and/or information furnished by confidential sources and properly applied Exemption (b)(7)(D).

VI) **EXEMPTION (b)(7)(F)**

FOIA Exemption 7(F) protects from disclosure information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or physical safety of any individual. This protection is extended to the physical safety of confidential informants, such that an agency may justifiably withhold information when their release would endanger the life or physical safety of the informants. Manna, 832 F. Supp. 866 (D.N.J. 1995). The DEA redacted the names and identities of DEA Special Agents, Supervisory Agents and other law enforcement officers. See Defendant's Motion to Dismiss at 19. In the past, the release of Special Agents' identities has resulted in several instances of physical attacks, threats, harassment and attempted murder of undercover or other DEA Special Agents. See Wassom Declaration at 19. It is in the public interest not to disclose the identity of Special Agents so that they may continue to effectively pursue their undercover and investigative assignments. Accordingly, this Court finds that Defendant properly withheld information under Exemption (7)(F).

VII) **EXEMPTION (j)(2)**

Section 552a (j)(2), allows for an agency, by regulation, to exempt from mandatory disclosure:

> "Records maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws... and which consist of... (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (c) reports identifiable to an individual compiled at any stage of the process of enforcement of criminal laws from arrest or indictment through release from supervision."

Defendant asserts subsection (j)(2) of the Privacy Act and advised Plaintiff that his access

15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 97-1225-CIV-MOORE

KELBY RAMON FRANKLIN,
    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE, DRUG
ENFORCEMENT ADMINISTRATION,
EXECUTIVE OFFICE FOR U.S. ATTORNEYS
and FEDERAL BUREAU OF INVESTIGATION,
    Defendants.
_____/



JUN 2 5 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (DE # 29)

THE MATTER was referred to the Honorable Barry L. Garber, United States Magistrate. A Report and Recommendation dated June 15, 1998 has been filed, recommending that Defendant's Motion for Summary Judgment be GRANTED.

Accordingly, after a <u>de novo</u> review of the record herein, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Judge Barry L. Garber's Report and Recommendation of June 15, 1998 be, and the same is, hereby ADOPTED in its entirety.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of June, 1998.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE