UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLFO ROMERO-CICLE )
)
    Plaintiff, )
)
    v. )   Civil Number 1:05-2303
)
U.S. DEPARTMENT OF JUSTICE, )
)
    Defendant. )

DECLARATION OF KAREN SUMMERS

    I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

    1.   I am a Paralegal Specialist for the Federal Bureau of Prisons (BOP) of the United States Department of Justice at the South Central Regional Office in Dallas, Texas.  I have held this position since 1995.

    2.   Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, including, but not limited to, an inmate's medical and central file, investigative records, and the BOP's SENTRY computer database.  In furtherance of my responsibilities, I am familiar with the policies and procedures for processing requests submitted under the Freedom of Information (FOIA) and Privacy Act.

3.    Prior to executing this declaration, I reviewed the relevant BOP records of plaintiff, federal inmate Randolfo Romero-Cicle, Reg. No. 79245-079, who is currently incarcerated at the Federal Correctional Institution (FCI) in Forrest City, Arkansas.  FCI Forrest City is located within the BOP's South Central Region.  See 28 C.F.R. § 503.6.  At all times relevant to plaintiff's civil action, he was incarcerated at FCI Forrest City.

CHRONOLOGY OF FOIA REQUEST NO. 2005-02497

4.    On or about January 27, 2005, plaintiff's FOIA request dated January 19, 2005, was received by the BOP's FOIA/Privacy Act Section in Washington, D.C.  The request (2005-02497) was forwarded to the BOP's South Central Regional Office (SCRO) for response.  Plaintiff sought copies of documents pertaining to him or mentioning his name.[1]  The request was interpreted as a request for all records pertaining to him that were maintained in his Central and Medical Files at his designated institution, FCI Forrest City.[2]  A true and correct copy of plaintiff's FOIA

_____

[1] The Bureau of Prisons has implemented procedures by which inmates may review their files in accordance with both the Privacy Act and the Freedom of Information Act, as well as Department of Justice and Bureau of Prisons policy.  See 28 C.F.R., Part 513, Access to Records.

[2] All records relating to an inmate are maintained by his/her designated institution.  When an inmate transfers from one institution to another, his records are also transferred, with the exception of certain investigatory records that may reference a specific inmate or groups of inmates.

2

Request No. 2005-02497 is provided as Exhibit 1.

5. By letter dated February 2, 2005, plaintiff's request was accepted and acknowledged as received by the SCRO. Plaintiff was advised that he should request a review and/or copies of the releasable records (non "FOI Exempt") from his Central and Medical Files at the local (institution) level.[3] BOP also advised plaintiff that it would request the "FOI Exempt" portion of his file from FCI Forrest City for review and a release determination. A courtesy copy of this acknowledgment letter was also directed to Linda Sanders, Warden, FCI Forrest City. A true and correct copy of the SCRO's acknowledgment letter is provided as Exhibit 2.

6. On February 2, 2005, FCI Forrest City staff were informed that plaintiff was directed to request review or copies of the releasable documents from his Central and Medical Files. Additionally, staff were instructed to forward all non-releasable or FOI Exempt records maintained in plaintiff's Central File to the SCRO for review and release determination. A true and correct copy of the electronic mail (e-mail) from Larry Collins, FOIA Legal Instruments Examiner (SCRO), dated February 2, 2005, to Lisa JamesYoung, Staff Attorney, FCI Forrest City and Forms

---

[3] Inmates may submit a Request to Staff Member at the local (institution) level to request a review or copies of their Central and Medical Files in accordance with BOP Program Statement No. 1351.05.

3

signed by Plaintiff, acknowledging review and receipt of records
from his Central and Medical Files, are provided as Exhibit 3.
In response, on February 15, 2005, Ms. JamesYoung, of FCI Forrest
City sent a copy of twenty-nine pages of records from the "FOI
Exemption" section of plaintiff's Central File.  Exhibit 3.

7.    By letter dated February 23, 2005, plaintiff was
informed that twenty nine (29) responsive documents, maintained
in the "FOI Exempt" section of his Central File, were reviewed
for release determination.[4]  BOP advised plaintiff to seek local
review of the releasable portions of his central and medical
files.[5]  A true and correct copy of the BOP's determination
letter dated February 23, 2005, is provided as Exhibit 4.

8.    A review of the twenty nine (29) records revealed six
(6) pages were released in full; seventeen (17) pages were
released with certain information excised pursuant to Title 5
U.S.C. § 552(b)(2), (b)(7)(c), and (b)(7)(F); and six (6) pages
were withheld in their entirety pursuant to Title 5 U.S.C.
§ 552(b)(7)(c).  Exhibit 4.

_____

[4] The February 23, 2005 letter refers to an initial response
to inmate Romero-Cicle's FOI/PA request, indicating the response
was dated February 8, 2005.  However, the referenced letter was
dated February 2, 2005.

[5] Plaintiff reviewed his Central File at FCI Forrest City on
May 10, 2006, and received copies of 12 pages of requested
material.  Plaintiff also reviewed his medical file on May 11,
2006, and received copies of 5 pages of requested material on May
12, 2006.  As background, plaintiff reviewed his medical file on
December 8, 2004 and received copies of 48 pages at that time.

9.    While this action was pending adjudication, BOP conducted a further review of the final determination regarding the 29 pages, and a supplemental response dated May 12, 2006, was mailed to plaintiff.  The supplemental response disclosed additional information that was previously redacted on four (4) pages pursuant to Exemptions (b)(2), (b)(7)(c), and (b)(7)(F). As a result, of the twenty-nine responsive documents, seven pages have now been disclosed in full, sixteen pages have been disclosed in part, and six pages remain withheld in full.  All of the initial exemptions used to withhold information continue to apply to the remaining non-disclosed information.  A true and correct copy of the supplemental response letter dated May 12, 2006, and referenced documents are provided as Exhibit 5.

## APPEAL OF FOIA REQUEST

10.    The FOIA release determination letter dated February 23, 2005, advised plaintiff that if he was dissatisfied with the BOP response he could appeal to the Office of Information and Privacy (OIP) within 60 days.   Exhibit 4.

11.    I was informed by OIP staff that plaintiff filed an administrative appeal by letter dated March 24, 2005.  Exhibit 6. Prior to plaintiff receiving the appeal response, he filed suit in the District of Columbia.

ADEQUACY OF THE SEARCH

12.  As previously noted, upon receipt of plaintiff's

request, plaintiff was informed that BOP interpreted his request

as one seeking all records maintained in his central and medical

files.[6]  BOP advised plaintiff that it would only conduct a

search for records in the "FOI Exempt" portion of his file,

because he could review the remaining records at his institution.

BOP then advised plaintiff to seek review and copies of all

releasable documents maintained in his Central and Medical Files.

Exhibit 2.  FCI Forrest City staff then conducted a search of the

central files using plaintiff's name as search identifier -

"Randolfo Romero-Cicle."  Once they located his Central File, FCI

---

[6]  The Inmate Central File is the central repository for
individual inmate records maintained pursuant to BOP Program
Statement 5800.11, "Inmate Central File, Privacy Folder, and
Parole Mini-Files," and located within the Inmate Central Record
System (Justice-BOP-005).  This file is divided topically into
six sections, with an additional portion categorized as the
Privacy Folder, or "FOI Exempt" section.  BOP policy is that
inmates may arrange an appointment with institution staff to view
any of the six main disclosable sections of their Inmate Central
File, but access to the Privacy Folder is limited to inmates
submitting FOIA/Privacy Act requests to BOP's Central Office for
any reasonably segregable records maintained in that folder.  See
BOP Program Statement 5800.11, Inmate Central File, Privacy
Folder, and Parole Mini-Files (Sept. 28, 1997); 28 C.F.R. § 16.3
and Appendix 1 to part 16 (2005).  The Privacy Folder contains
two sections of material - one for CIM documents and
Victim/Witness Information - and the other for "other non-
disclosable material from the Inmate Central File." BOP Program
Statement 5800.11, Inmate Central File, Privacy Folder, and
Parole Mini-Files.  In other words, the Privacy Folder contains
material that the BOP has determined would routinely be exempt
from disclosure pursuant to a FOIA exemption.

Forrest City staff narrowed the scope of their search to the "FOI Exempt" section of plaintiff's file and located 29 pages of responsive records.  These records were then sent to SCRO for processing and a release determination under the FOIA/Privacy Act.  Exhibit 3.  As previously explained, the remaining sections of plaintiff's Central File and his medical file, are available for plaintiff's review at the local institution level, so those records were not considered responsive to this FOIA request. Exhibits 2 & 3.  Plaintiff was provided with a copy of the releaseable portions of his "FOI Exempt" records pursuant to applicable exemptions under the FOIA and Privacy Act.  Exhibits 4 and 5.

    13.  Subsequent to plaintiff filing his Complaint, BOP conducted a second search of the "FOI Exempt" portion of plaintiff's central file for specific records mentioned in his complaint (specifically records regarding incident reports regarding "offense codes" 201, 221, and 305).  As a result of this second search, BOP reaffirmed that the "FOI Exempt" section of plaintiff's central file consisted of the twenty-nine pages previously located and processed in response to plaintiff's initial request.  These twenty-nine pages included records pertaining to plaintiff's violation of code number 201.  Exhibits 4 and 5.  BOP then conducted a search for records regarding "offense codes" 221 and 305 in the non "FOI Exempt" sections of

plaintiff's central file and located records regarding these codes that plaintiff claimed were missing from BOP's final response. As BOP advised plaintiff previously, plaintiff may review these records by submitting a request for local review of the non-"FOI Exempt" portions of his Central File in accordance with BOP Program Statement No. 1351.05.

<u>JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT</u>

14. BOP processes all requests by individuals for records pertaining to themselves under both the FOIA and Privacy Act in order to provide the requester the maximum disclosure authorized by law. The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C.§ 552a(j)(2), which appears at 28 C.F.R. § 16.97 (2005). Subsection (j)(2) exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws.

15. BOP, as the steward of the federal penal system, is responsible for carrying out the final phase of the law enforcement process.[7] Pursuant to their dual mission to protect

---

[7] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3)

both inmates and society, BOP employees perform inherently law
enforcement functions.[8]  Indeed, the term, "law enforcement
officer" is defined by statute as "an employee of the Bureau of
Prisons or Federal Prison Industries, Inc."  See, e.g., 5 U.S.C.
§ 8401(17)(D)(I).  The records systems maintained by BOP are
critical to the effective performance of the law enforcement
mission.[9]  All of the responsive records at issue in plaintiff's
requests are exempt from disclosure under the Privacy Act,
pursuant to 5 U.S.C. § 552a(j)(2) and were therefore processed
under the FOIA.

<u>JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
EXEMPTIONS 5 U.S.C. § 552(b)(7)(c), (b)(7)(F), and (b)(2)
FOIA Request 2005-02497</u>

16.  To invoke Exemption (b)(7), the BOP must be able to
demonstrate that records were compiled for law enforcement
purposes.  In this case, the records at issue were compiled for
law enforcement purposes during the course of BOP's performance
of its law enforcement function of protecting inmates, staff and

provide for the protection, instruction, and discipline of all
persons charged with or convicted of offenses against the United
States."

[8]   BOP law enforcement officers, for example, possess the
authority to make arrests, 18 U.S.C. §3015; seize evidence, 18
U.S.C. § 4012; and execute searches on inmates and visitors to
the institution, 28 C.F.R. § 511.10-511.12, 552.10-552.14.

[9]   BOP maintains a variety of systems of records pertaining
to inmates.  These systems of records are published at Privacy
Act Issuances, 1991 Comp., Volume II.

the community.  As stated previously, the responsive records are
maintained in the Inmate Central Records System (Justice/BOP-
005), which is a system of records maintained for law enforcement
purposes that is exempt from the Privacy Act's access provisions.
See 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97.  Consequently,
these records meet the threshold law enforcement requirement for
Exemption 7.

        17.   Exemption (b)(7)(c) of the FOIA exempts from mandatory
release records or information compiled for law enforcement
purposes if such release could reasonably be expected to
constitute an unwarranted invasion of the personal privacy of
third parties.  The information withheld from plaintiff, purely
pursuant to Exemption (b)(7)(c), consists of the following:
portions of visitor information forms containing private
citizens' birth dates, addresses, social security numbers, and
their responses to BOP's questions regarding possible criminal
history, and possible contact with other inmates; and third
parties' National Crime Information Center Information (criminal
history) background checks.  BOP also withheld the following
information pursuant to Exemption (b)(7)(c) (and in conjunction
with (b)(7)(F)):  names and identifying information of third-
party inmates named as plaintiff's separatees or who are
referenced in an internal BOP investigation of plaintiff.

18.    In deciding to withhold this material, the privacy interests of these individuals were balanced against the public interest in the information.  BOP determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the BOP.  On the other hand, BOP concluded that a substantial privacy interest exists in information about individuals, in this case other inmates and private citizens, that is maintained in a federal law enforcement file.  In particular, private citizens could be subjected to undue publicity or harassment for being named as potential visitors for an inmate, or for simply being named in federal law enforcement records.  In fact, the only interest that would be served by release of the records would be plaintiff's personal interest.

19.    Further, BOP considers that there is a heightened privacy interest, in this instance, when the information found in law enforcement records could reasonably subject third-party inmates named as plaintiff's separatees, or who are referenced in connection to an internal BOP investigation of plaintiff, to harassment, retaliation, or other harm by federal inmates.

20.    Exemption (b)(7)(F) of the FOIA provides for the withholding of information or records compiled for law enforcement purposes, the release of which could reasonably be

11

expected to endanger the life or physical safety of any individual.

21.   The BOP withheld the following information from plaintiff pursuant to Exemption (b)(7)(F), in conjunction with Exemption (b)(7)(c):  names and identifying information of third-party inmates named as plaintiff's separatees and third-party inmates who were named in plaintiff's records concerning FCI Forrest City staff members' internal investigation of plaintiff.

22.   The BOP withheld the following information from plaintiff pursuant to Exemption 7(F), in conjunction with Exemption 2 "high": one portion of a Central Inmate Monitoring (CIM) Case Information Summary form that indicated the BOP's categorization of plaintiff's separation assignment.  There are two categories for separation: "threat assessment" and "special management case."  BOP withheld plaintiff's separation category, because indicating it would reveal the BOP's reason for separating plaintiff from another inmate, and may provide enough information for plaintiff to determine the name of any third-party separatees.  Specifically, disclosing this information would provide the inmate with enough information to eventually deduce the name of a separatee by monitoring attrition of other inmates.

23.   After careful consideration of the special safety and security concerns presented by the investigation of inmates

12

within a BOP facility, and recognizing that BOP must first protect the safety of all BOP inmates and employees, BOP determined that withholding the information described above pursuant to Exemption 7(F) was necessary to protect the identities of other individuals as subjects of investigation and/or monitoring by BOP staff. If these third-party identities becomes known within the institution, the individuals could reasonably be expected to face threats, harassment, or other actions at the direction and discretion of other inmates. Disclosure could also result in disruption to the security of the institution in which plaintiff is housed.

24.  Exemption (b)(2) of the FOIA protects from mandatory disclosure those documents which "relate solely to the internal personnel rules and practices of an agency." Exemption "high" (b)(2) of the FOIA protects from disclosure internal matters of a far more substantial nature, the disclosure of which, would risk the circumvention of a legal requirement.

25.  The only information withheld by BOP pursuant to Exemption (b)(2) "high", consists of portions of a CIM Case Information Summary document concerning the rationale for plaintiff's CIM classification, the categorization of plaintiff's separation (in conjunction with Exemption (b)(7)(F)), and the

source of information leading to plaintiff's CIM

classification.[10]

    26.   Pursuant to the BOP's duty to manage Federal

institutions in a manner which provides for the safekeeping of

inmates in their custody, the BOP documents an inmate's CIM

assignment, meaning that there are other individuals, who may or

may not be committed to the BOP, from whom an inmate is to be

separated from for their mutual protection.  Documentation to

support such "Separation" or similar CIM assignments, as

determined by BOP, is routinely maintained in the "FOI Exempt"

section of an inmate's central file and is summarized on the "CIM

Case Information Summary" document.  The CIM Case Information

Summary form is an internal security management tool to ensure

the institution runs smoothly without disruption of inmates

threatening or fighting one another based on information they may

perceive as giving credence to their cause or justifying their

actions.  In addition to identifying a specific threat, or

individual from whom an inmate must be separated, this summary

form documents other information which could lead to the

---

    [10] BOP's supplemental release to plaintiff dated May 12,
2006 indicated that certain information was withheld under
Exemption (b)(2) "low," where it should have indicated that it
was being withheld under under Exemption (b)(2) "high."  In this
case, all information withheld pursuant to Exemption (b)(2) is
"high 2" information.

identification of a specific threat to another individual, a separated individual, or the location of a separated individual.

27.  In this case, the BOP withheld the rationale for plaintiff's CIM classification, the reason for separation, and the source of information leading to plaintiff's CIM classification.  The release of such information could allow plaintiff and/or other inmates to circumvent the BOP's efforts to minimize security threats to prisoners and BOP staff and would ultimately increase such threats long term.

## CONCLUSION

28.  Each step in the handling of plaintiff's request has been entirely consistent with the Bureau of Prisons and the Department of Justice procedures which were adopted to insure equitable responses to all persons seeking access to records under FOIA/Privacy Act.

29.  Plaintiff has been provided with all responsive records pursuant to his request.  Where appropriate, the BOP asserted FOIA exemptions for documents compiled for law enforcement purposes.  Each record was evaluated for segregability during the administrative process.  The withheld information cannot be further segregated without disclosing certain security techniques used by the BOP and without revealing the identities and identifying factors of third parties, which should be protected in order to ensure the physical safety of

15

certain individuals.  Where a document was withheld in its
entirety, BOP determined that no meaningful portions could
reasonably be released without destroying the integrity of such
document as a whole.


    I declare under a penalty of perjury that the information
provided is true and correct to the best of my information,
knowledge, and belief.

    Executed this 31st day of May 2006.

Karen Summers
Paralegal Specialist
Bureau of Prisons
South Central Regional Office
Dallas, Texas

16

EXHIBIT 1

(Plaintiff's FOIA Request dated January 5, 2005)
FOIA Number 2005-02497

# FREEDOM OF INFORMATION / PRIVACY ACT REQUEST

REQUESTOR  Randolfo Romero-Cicle     DATE OF BIRTH ___7/30/1955___

REG. NO. 79245-079

PLACE OF BIRTH  Montevideo

ADDRESS  F.C.I. P.O. Box 9000
Forrest City, AR 72336     SOC. SEC. NO  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

AGENCY REQUESTED FROM:  B.O.P.     CASE NUMBER _____

DISTRICT COURT _____

Pursuant to the Freedom Of Information Act, 5 USC 552, and the Privacy Act of 1974, 5 USC 552a, I hereby request copies of the following documents. If for any reason you choose not to send me any of the documents of papers requested then please furnish me with a "Vaughn Index" as set forth in Vaughn V. Rosen, 484 F2d 820(D.C.D.C 1973)

I am requesting all records, documents, and information you have in your files pertaining to me or mentioning my name.

Please consider this as a first-party request under the FOIA, 5 USC 552, and as a Privacy Act Request, 5 USC 552a also.

In the event that some of the material is considered by you to be exempt from disclosure under both Acts, then please include all segregable portions of documents and the specific exemption you are relying upon to deny disclosure of the excised portions. Please note that in order to avoid disclosure you must claim an appropriate exemption under both Acts.

I am requesting that you abide by the statutory time within which to make a determination on this request, that being ten (10) working days from your receipt under Section 552(a) (6)(A)(i).

I request a fee waiver or a least a fee reduction, however, in the event you deny this request for waiver I hereby agree to pay the fees for search and duplication while retaining my right to appeal your denial of waiver. The information requested will not be used for any commercial purpose.

I  Randolfo Romero-Cicle  hereby swear under the penalty of perjury that I am requesting all the above information and documents for my personal use.

DATED ___1/19/05___

STATE OF ___Arkansas___

COUNTY OF ___St. Francis___

BEFORE ME, A NOTARY PUBLIC, on this day personally appeared known to me to be the person whose name is subscribed above and, being by me first duly sworn, declared that the information above is correct.

Given under my hand and seal of office this _____ day of _____, 20_____.

NOTARY PUBLIC  CASE MANAGER, AUTHORIZED BY ACT OF JULY 7, 1955, AS AMENDED TO ADMINISTER OATHS (18 USC 4004).     My commission expires:

# EXHIBIT 2

## (BOP's Acknowledgment Letter
to Plaintiff dated February 2, 2005)



U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

February 2, 2005

Randolfo Romero-Cicle
Register Number 79245-079
Federal Correctional Institution (Low)
Post Office Box 9000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-02497

Dear Mr. Romero-Cicle:

This is in response to your recent letter in which you requested
a copy of all Federal Bureau of Prisons records that pertain to
you.  Your request for all records is interpreted as a request
for a copy of documents maintained in the central and medical
files pertaining to you.  You also request a waiver of any fees
associated with your request.

Bureau of Prisons, Program Statement 1351.05, <u>Release of
Information</u>, states that an inmate who wishes to have copies of
materials in his file should first present his request to local
institution staff.  If, after you review the materials locally,
you wish to acquire additional documents, you may submit a
separate request describing the records sought to the Bureau of
Prisons, Office of General Counsel, 320 First Street, N. W.,
Washington, D.C.  20534.  The envelope and the request must be
clearly marked "Privacy Act Request."

By copy of this letter, I am informing staff at the institution
that you should be provided an opportunity to review your central
and medical files and be provided copies of all releasable
documents.

Copies of the documents maintained in the "FOI Exempt" section of
your central file have been requested and will be reviewed and
released as appropriate by this office.

Your request has been placed in chronological order based on the

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2005-02497                    February 2, 2005
Randolfo Romero-Cicle; Reg. No. 79245-079   Page 2

date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Title 5, United States Code, Section 552(a)(4)(A)(iii) and Title
28, Code of Federal Regulations, Section 16.11(k) provide that
documents shall be furnished without charge or at a reduced rate
if disclosure of the information is in the public interest
because it is likely to contribute significantly to the public
understanding of the operations or activities of the government
and is not primarily in the commercial interest of the requestor.
Your request does not meet this criteria.  Therefore, your
request for fee waiver is denied.

Please be advised that in accordance with Title 28, Code of
Federal Regulations, Section 16.3(c), this request constitutes an
agreement by you to pay all applicable fees up to $25.00.  Please
do not forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

cc:  Linda Sanders, Warden
     FCI Forrest City (Low)

     NOTE:  Please have the appropriate staff provide Mr. Romero-
     Cicle with an opportunity to review the central and medical
     files pertaining to him and obtain copies of releasable
     documents.  Please note a copy of the releasing
     correspondence should be forwarded to this office.

SENSITIVE - LIMITED OFFICIAL USE

# EXHIBIT 3

(Electronic Request for Exempt Records and Fax Receipt of Exempt Records / Plaintiff's Signed Receipt of Access and Copies of non-Exempt Records)

**From:**    Larry Collins
**To:**    JamesYoung, Lisa
**Date:**    2/2/2005 12:29:30 PM
**Subject:**    FOIA Req No 2005-02497 - ROMERO-CICLE, Randolfo #79245-079

Lisa,

We have received a request from inmate Randolfo Romero-Cicle for a copy of all records which we interpret as a request for a copy of records in his central and medical files. We will refer him to institutiion staff for a review of the releasable documents in his central and medical files.

However, we will need a copy of the documents maintained in the "FOI Exempt" section of his central file to respond to his request.

Please ensure a copy of the responsive records are forwarded to this office by February 16, 2005.

Thanks,

Larry


**CC:**    Summers, Blair





# *FAX TRANSMISSION*

### *Federal Bureau of Prisons*

*FCI Forrest City*

*P.O. Box 7000, Forrest City, Ar. 72336*

*To:* Larry Collins     *Date:* 2-15-05

*Fax #:*     *Pages:*

*From: L.JamesYoung, Staff Attorney*

*Subject:* Randolfo Romero - Circle

*Comments:*  79245-079

 # 2005-02497

_____ *This information contained is this*
*facsimile message is intended only for the personal and confidential use of the above-*
*designated recipient[s]*

*If the reader of this message is not the intended recipient or the employee responsible for delivering*
*the message to the intended recipient you are hereby notified that any dissemination, distribution, or*
*copying of this transmission is strictly prohibited. If you have received this communication in error,*
*please notify us immediately. Thank you.*

*If problems arose during transmission, please call:  870-630-6000 ext.1014*

HEALTH RECORD

SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry)

12-8-04
10 15  ADMINISTRATIVE NOTE:

I Randolfo Romero-Cicle, received the copies of my medical file as I had requested thru a copout. I accept full responsibility for maintaining the confidentiality of my medical record. I also understand any information pertaining to my HIV status cannot be released until full release from federal custody by request FOI/PA, Washington, D.C. The medical record information authorized for release are is follows:

27  SF-600  7-18-01 to 11-23-04
☑ Laboratory
3  X-ray 9-11-02, 9-30-03
☑ Medication sheets
____ Audiometry exam
____ Eyeglass prescription
____ Medical Intake Screening
____ Medical History Report
____ Medical Examination
____ Immunization Record
☑ Problem List
2  Medical Treatment Refusal 12-16-03, 4-2-04

☑ Dental Record
☑ Dental History
☑ Medical Report of Duty Status
1  Inmate Injury Assessment 8-31-03
☑ Copouts
8  Consultation (Psychiatry)
4  OTHER: Consent for psychotropic meds
3  BP 659's
☑
☑
☑
48  Total number of copies issed

The following copies could not be released due to: No HIV information released
Entry on SF-600 dated 18-22-03 noted HIV status

Authorized for release by Jose Jimenez, HSA

X Ray Oliver 79245-079
Inmate Signature and Register Number

Date: 12-08-04

S Holmes HIT
Staff Witness

Shirley Holmes, HIT
FCI Forrest City, Arkansas

PATIENT'S IDENTIFICATION (Use this space for Mechanical Imprint)

| RECORDS MAINTAINED AT: | FCI Forrest City, AR |
|---|---|
| PATIENT'S NAME (Last, First, Middle Initial) | Romero-Cicle, Randolfo | SEX |
| RELATIONSHIP TO SPONSOR | STATUS — | RANK/G |
| SPONSOR'S NAME | | ORGANIZATION |
| DEPART./SERVICE | SSN/IDENTIFICATION NO 79245-079 | DATE O |

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (Re
Prescribed by GSA and
FIRMR (41 CFR) 201-45

(This form may be replicated via WP)

Due Date _5-10-06_

Request Number _2005 - 02497_

**I have reviewed my Central File**

Signature _Bob Berry_, Reg. No. _79245-079_    Date _5/10/06_

Staff _X book_, Date _5/10/06_

Inmate Refused to sign (Yes )_____

Number of copies provided _12 pages_


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I have reviewed my Medical File**

Signature_____, Reg, No._____    Date_____

Staff_____, Date_____

Inmate Refused to sign (Yes)_____

Number of copies provided

Due Date_____

Request Number _____

**I have reviewed my Central File**

Signature_____, Reg. No._____  Date_____

Staff _____, Date_____

Inmate Refused to sign (Yes )_____

Number of copies provided _____

*******************************************
**I have reviewed my Medical File**

Signature _Nat Brown_ Reg. No. _79245.079_  Date _5/11/06_

Staff _SHolmes, HIT_, Date _5/11/06_

Inmate Refused to sign (Yes)_____

Number of copies provided

Requesting only SF 600's dating from 12-8-04 thru 2-2-06 / 5 pages. Information concerning knee problem. _SH_

Records will be issued 5/12/06 _SH_

# EXHIBIT 4

(BOP'S Final Determination Letter w/ 29 Pages of
Records to Plaintiff dated February 23, 2005)

**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

February 23, 2005

Randolfo Romero-Cicle
Register Number 79245-079
Federal Correctional Institution (Low)
Post Office Box 9000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-02497

Dear Mr. Romero-Cicle:

This is in response to your recent letter in which you requested a copy of all Federal Bureau of Prisons records that pertain to you.  Your request for all records is interpreted as a request for a copy of documents maintained in the central and medical files pertaining to you.  You also request a <u>Vaughn</u> index detailing any withheld information.

The initial response to your request, dated February 8, 2005, instructed you to conduct a local review of the releasable documents maintained in your central and medical files.  This response will provide you the releasable documents, or portions of documents, maintained in the "FOI Exempt" section of your central file.

A total of twenty-nine (29) pages were located in the "FOI Exempt" section of your central file.  The documents have been reviewed and six (6) pages are being released in their entirety; seventeen (17) pages are being released with certain information excised; and the remaining six (6) pages are being withheld.  The above withholding of records is pursuant to:

Title 5, United States Code, Section 552(b)(2), because the information is related solely to the internal personnel rules and practices of an agency.

**SENSITIVE - LIMITED OFFICIAL USE**

FOIA Req. No. 2005-02497                    February 23, 2005
Randolfo Romero-Cicle; Reg. No. 79245-079   Page 2

Title 5, United States Code Section 552(b)(7)(C), because release of the information would constitute an unwarranted invasion of the personal privacy of individuals.

Title 5, United States Code, Sections 552(b)(7)(F), because release of the information could endanger the physical safety of individuals.

As for your request for a Vaughn index, the Bureau of Prisons is not required to produce a Vaughn index pursuant to the Freedom of Information Act. The purpose of a Vaughn index is to provide an accounting of any excised or withheld information during litigation to enable a court to make an assessment of claimed exemptions.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this action may be appealed to the Attorney General within sixty (60) days of the date of this letter by writing to the Office of Information and Privacy, Department of Justice, Flag Building, Suite 570, Washington, DC 20530. Please ensure that the envelope and request are clearly marked "FOI Request Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 23 pages

lc

SENSITIVE - LIMITED OFFICIAL USE

BP-S340.051  **NOTIFICATION OF CENTRAL INMATE MONITORING (CIM)**  CDFRM    Attachment D
AUG 96    **CLASSIFICATION OR DECLASSIFICATION**
**U.S. DEPARTMENT OF JUSTICE**                              FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| NAME: ROMERO-CICLE, Randolfo | REGISTER NUMBER: 79245-079 |
| DATE: November 12, 2003 | INSTITUTION: FCI Forrest City, Arkansas |

☐ **I. CLASSIFICATION**

This is to advise you of your classification as a CIM Case. This classification does not preclude you from transfer, temporary release, or participation in community activities recommended by the Warden, but it requires review by the Regional and/or Central Office for such participation to occur. This classification will be reviewed (depending on your CIM assignment) by the Warden or Regional Office within 60 days to determined if a sound basis exists to continue you as a CIM case. You will be advised only if your classification changes as a result of this review.

You may submit any objections to this classification directly to the review authority (address available from Unit Staff). A CIM classification not changed in 60 days from date of this notification is final and may be appealed through the Administrative Remedy Procedure.

**A. CIM ASSIGNMENTS**

**SEPARATION**

**B. RATIONALE FOR CLASSIFICATION**

It has been determined that you need to be separated from individual(s) who may or may not be housed in the Federal Bureau of Prisons. This assignment is for your mutual safety.

| | | |
|---|---|---|
| INMATE SIGNATURE          X _(signature)_ | | |
| TYPED NAME & SIGNATURE OF STAFF MEMBER<br>Mike Danaher, Case Manager  _(signature)_ | | DATE<br>11-12-2003 |

**II. DECLASSIFICATION**

| | |
|---|---|
| INMATE SIGNATURE | |
| TYPED NAME & SIGNATURE OF STAFF MEMBER | DATE |

Record Copy - Central File; Copy - Regional Office (if Review Authority); Copy - Inmate

(This form may be replicated via WP)

Replaces BP-340(51) of MAY 94



FOI EXEMPT
NO INMATE DISCLOSURE

**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*
*Forrest City, AR 72335*

November 12, 2003

MEMORANDUM FOR     CENTAL FILE

THRU:                              *noted 11/2/03*
                                   J. Dube-Gilley, Unit Manager

FROM:                              Mike Danaher, Case Manager, Wynne C

SUBJECT:                           Missing CIM Documentation
                                   Inmate ROMERO-CICLE, Randolfo #79245-079

    Inmate ROMERO-CICLE, Ranndolfo #79245-079 arrived here on October 27, 2003, by way of 309 Transfer from SCP Pollock. After a review of his central file, it was noted that the Notification of Central Inmate Monitoring, form 340, was missing from his CIM packet. On November 12, 2003, during his initial team, I advised him of his current CIM status.

FOI EXEMPT
NO INMATE DISCLOSURE

```
   FORDG  535.07 *        CIM CLEARANCE AND SEPARATEE DATA          *      11-04-2004
   PAGE 001 OF 001 *                                               *      10:33:49

   REGISTER NO: 79245-079 NAME: ROMERO-CICLE, RANDOLFO

   REGISTER                    FIRST   ARS ARS              ARS            ARS  QTR
   NUMBER    LAST NAME         NAME    FCL ASSIGN           DATE           TIME ASSIGN

   79245-079 ROMERO-CICLE              RANDOLFO FOR A-DES   10-27-2003 1513 W10-124L
   CMC ASSGNS: SEPARATION
   02 REMARKS: 9/23/03 SCR/TS: APV 309 TRF FM POL SCP TO FOR.
   02 REMARKS: 2/18/00 SCR/DWS APV TRF FM BML TO BMP SCP(308)
   02 REMARKS: 5/21/01 SCR/CC APV 318 TRF FM BMP SCP TO POL SCP.
   02 REMARKS: 9/4/03 SCR/LA APV 316 TEMP. TRF. FM POL TO OAD (PEND. REDES.)
```

(b)(7)c, (b)(7)f


FOI EXEMPT
NO INMATE DISCLOSURE

BP-S339.051  **CIM CASE INFORMATION SUMMARY**  CDFRM
MAR 2002
**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

---

| Name:<br>ROMERO-CICLE, Randolfo | Register Number:<br>79245-079 |
|---|---|
| Date:<br>(b)(2)Low, (b)(7)f | Institution:<br>(b)(2)Low, (b)(7)f |

RATIONALE FOR CIM CLASSIFICATION: (b)(2)Low, (b)(7)c, (b)(7)f

(b)(2)Low, (b)(7)c, (b)(7)f

SPECIFIC ASSIGNMENTS:

A. STATE PRISONER

_____ COOP WITNESS

_____ REGULAR CONTRACTUAL BOARDER

B. DISRUPTIVE GROUP

_____ MEMBER

_____ SEPARATION

C. SPECIAL SUPERVISION

_____

_____

D. BOARD PUBLICITY

_____

_____

E. THREATS TO GOVERNMENT OFFICIALS

_____ HISTORY OF THREATS

_____ SURVEILLANCE

F. SEPARATION

(b)(2)Low, (b)(7)f THREAT ASSESSMENT

SPEC. MGT. CASE

SOURCE OF INFORMATION:

(b)(2)Low, (b)(7)c, (b)(7)f

Prepared by: _____
             Signature of Case Manager

Reviewed by: _____
             Signature of CIM Coordinator

---

Note:  File as top sheet in Section 1 of the Inmate Privacy Folder.
       Include documentation.  Not to be forwarded to the inmate.


FOI EXEMPT

BP-S288.052 INCIDENT REPORT (FORM
MAY 1994
U.S. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

1. Name Of Institution: U.S.P. Pollock

Part I - Incident Report  113849?

| 2. Name Of Inmate:<br>Romero, R | 3. Register Number<br>79245-079 | 4. Date Of Incident<br>8-31-03 | 5. Time<br>8:37a.m. |
|---|---|---|---|
| 6. Place Of Incident<br>Camp Dorm | 7. Assignment:<br>HVAC 3 | 8. Unit<br>Camp | |

| 9. Incident:<br>Fighting with another person | 10. Code<br>201 |
|---|---|

11. Description Of Incident (Date: __8-31-03__   Time: __8:37a.m.__   Staff become aware of incident)

On 8-31-03 at approximately 8:37a.m. I observed inmate Romero #79245-079 and (b)(7)c, (b)(7)f striking each other with closed fist. I notified control via radio there was a fight at the Camp Dorm. I gave both inmates a direct order to stop fighting and they continued fighting. Responding staff and I separated the two inmates, restrained them and responding staff escorted them to S.H.U.

| 12. Signature Of Reporting Employee | Date And Time<br>8-31-03<br>11:06a.m. | 13. Name And Title (Printed)<br>P. Craig, S.O. |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident<br>Report Delivered<br>8-31-03 | 16.time Incident<br>Report Delivered<br>1500 |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

Inmate Romero stated - the incident report is true as written

18. A. It Is The Finding Of The Committee That You:
__Y__ Committed The Following Prohibited Act.

_____ Did Not Commit A Prohibited Act.   201

B. __X__ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information

Based upon incident report, memo by staff and inmate own admission to guilty

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

UDC Committee recommendation Loss of GCT and disciplinary transfer

21. Date And Time Of Action  9/02/03  11:15 a.m  (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

K H Cowen  R. He_____  D____ D____   FOI EXEMPT
Chairman (Typed Name/signature)      Member (Typed Name)

PART III    INVESTIGATION

22: DATE AND TIME
INVESTIGATION BEGAN:
08-31-03 3:00pm

# 1138499    9/02/03 11:10 REH

23.    INMATE ADVISED OF RIGHT TO REMAIN SILENT: YOU ARE ADVISED OF YOUR RIGHT TO REMAIN SILENT AT ALL STAGES OF THE DISCIPLINARY PROCESS BUT ARE INFORMED THAT YOUR SILENT MAY BE USED TO DRAW AN ADVERSE INFERENCE AGAINST YOU AT ANY STAGE OF THE INSTITUTIONAL DISCIPLINARY PROCESS. YOU ARE ALSO INFORMED THAT YOUR SILENCE ALONE MAY NOT BE USED TO SUPPORT A FINDING THAT YOU HAVE COMMITTED A PROHIBITED ACT.

THE INMATE WAS ADVISED OF THE ABOVE RIGHT BY: P. LaBorde, Lieutenant    AT (DATE/TIME): 08-31-03 3:00pm

24.    INMATE STATEMENT AND ATTITUDE:

Inmate Romero #79245-079, was advised of his rights.  He was issued a copy of this report.  Inmate Romero
Stated the report was true.

During the course of this investigation the inmate displayed a Fair attitude.

25.    OTHER FACTS ABOUT THE INCIDENT: (STATEMENTS OF THOSE PERSONS PRESENT AT SCENE, DISPOSITION OF EVIDENCE, ETC.)

See attached memos and photos.

26.    INVESTIGATOR'S COMMENTS AND CONCLUSIONS:

Based on the evidence contained in section 11, I conclude that this report is true as written.

27.    ACTION TAKEN:

Inmate Romero is to remain in his current status pending action by the UDC.

DATE AND TIME INVESTIGATION COMPLETED:    08-31-03 3:05pm

P. LaBorde
PRINTED NAME

_____
SIGNATURE

Lieutenant
TITLE


FOI EXEMPT
NO INMATE DISCLOSURE

DISCIPLINE HEARING OFFICER REPORT                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE          ORIGINAL          FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP Pollock | INCIDENT REPORT NUMBER | | 1138499 |
|---|---|---|---|---|
| INMATE NAME | Romero-Cicle, Randolfo | REG NO | 79245-079 | UNIT | CAMP |

| DATE OF INCIDENT | 8-31-03 | DATE OF INCIDENT REPORT | 8-31-03 |
|---|---|---|---|

| OFFENSE CODE(S) | 201 |
|---|---|

| SUMMARY OF CHARGES | Fighting |
|---|---|

**I.   NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)   8-31-03        at (time)   3:00pm   (by staff member)   P. Laborde, Lieutenant

B. The DHO Hearing was held on (date)   9-3-03        at (time)   1:05pm

C. The inmate was advised of his/her rights before the DHO by (staff member):
R. McGowan, Counselor              on (date)   9-2-03           and a copy
of the advisement of rights form is attached.

**II.  STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes: | X | No: | |
|---|---|---|---|---|

B. Inmate requested staff representative and   J. Huertas            appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:   N/A

| D. Staff representative | N/A | was appointed. |
|---|---|---|

**III.  PRESENTATION OF EVIDENCE**

| A. Inmate admits | X | denies | | the charge(s). |
|---|---|---|---|---|

B. Summary of inmate statement:

Inmate Romero-Cicle stated he was ready to proceed at this time, his requested staff representative was present, he requested no witnesses, and understood his rights before the DHO.  Inmate Romero-Cicle stated he received his copy of the incident report.

You told the DHO, you have no statement.

Your staff rep, Chaplain Huertas said he had spoken with you previously.  The incident apparently involved another inmate calling you an S.O.B. (son-of-bitch).  There are cultural differences whereby a comment of that sort would inflame someone involved; whereby a comment of that sort in the continental states is viewed; perhaps, differently.  Further; you were said to have been involved in the incident but leniency was requested on your behalf.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | X | No: | |
|---|---|---|---|---|

FOI EXEMPT

DISCIPLINE HEARING OFFICER REPORT                                    BP-S305.052 MAY 94
U.S. DEPARTMENT OF JUSTICE                                  FEDERAL BUREAU OF PRISONS

| |
|---|
| 2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.) |
| N/A |

| |
|---|
| 3. The following persons requested were not called for the reason(s) given. |
| N/A |

| 4. Unavailable witnesses were requested to submit written statements and those statements received were considered. | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Statements from staff, C. Nevils, Z. Allen, J. Griffith, C. Turner, G. Atwell, P. Craig, as well as injury assessment reports and photographs dated 8-31-03.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

## IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. |
|---|---|
| | B. The following act was committed: |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds on August 31, 2003, at or about 8:37 a.m., you committed the prohibited acts of Fighting, Code 201. The DHO relied on the written report of the officer who stated he observed you and (b)(7)c, (b)(7)f involved in an altercation striking each other with closed fists about the body. You were given numerous verbal orders to stop, which you refused.

The DHO believes you committed the prohibited act of Code 201. The decision was based on the account of the reporting officer, which stated you were observed in a physical altercation with another inmate in the Camp Dorm. The decision was further based on your previous admission (at the UDC and during the investigation). You said the report was true.

At no time are you allowed to engage in any type of physical contact (i.e., wrestling, fighting, boxing, etc..), with inmates or staff. This type of behavior is a clear violation of Bureau of Prisons rules, is perceived as being disruptive, abusive, and is clearly not acceptable. Should further conduct of this nature continue, it will once again lead to disciplinary action.

Accordingly, it is the finding of the DHO you committed the prohibited act of code 201.

## VI. SANCTION OR ACTION TAKEN

Disallow Good Conduct Time: 27 days
Recommended Disciplinary Transfer



**DISCIPLINE HEARING OFF    R REPORT**                                    BP-S305.052 MAY 94
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| VII. REASON FOR SANCTION OR ACTION TAKEN |
|---|
| You were sanctioned with Disallowance of Good Conduct Time and a Recommendation for Disciplinary Transfer as punishment. The action on the part of any inmate to become involved in a fight with any inmate or person poses a threat to the health, safety, and welfare of not only himself, but all other inmates and staff within the institution.  In the past, fights between two individuals have expanded to include others which created a larger problem to resolve. <br><br>The sanctions imposed by the DHO are to let you know that you, and you alone, are responsible for your actions. |

| VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate. | | | |
|---|---|---|---|
| | Yes | X | No | |

| IX. DISCIPLINE HEARING OFFICER | | |
|---|---|---|
| Printed Name | Signature | Date |
| Milton B. White, DHO | | 9/5/03 |
| DELIVERED TO INMATE | DATE   9/12/03 | TIME |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

FOI EXEMPT
NO INMATE DISCLOSURE



UNITED STATES GOVERNMENT

*FEDERAL BUREAU OF PRISONS*
*United States Penitentiary*
*Pollock, Louisiana*

August 31, 2003

MEMORANDUM   FOR:   R. Garcia  Lieutenant

FROM:            C, Nevils Senior Officer

SUBJECT:            Fight at the camp

On August 31, 2003 I responded to a fight call at the camp.  Upon arrival I escorted (b)(7)c, (b)(7)f
(b)(7)c, (b)(7)f



FOI EXEMPT
NO INMATE DISCLOSURE



UNITED STATES GOVERNMENT

# memorandum

FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

August 31,2003

**MEMORANDUM FOR**    Frederick Jefferson , Captain

**FROM:**    Z. Allen, Lieutenant

**SUBJECT:**    **Fight At Camp Inmate Romero, Randolf Reg. No.79245-079 and Inmate** (b)(7)c, (b)(7)f

On August.31,2003 at approximately 8:37am a call was announced (via radio) of a fight at the Camp, I immediately responded to the camp. Upon arriving I observed two inmates being restrained by staff . After I assessed the situation (b)(2)Low responding staff to escort the two inmates to Special Housing. The two inmates were later identified as inmate Romero, Randolf .Reg. No 79245-079 and Inmate (b)(7)c, (b)(7)f Both inmates were medically assessed and placed in Special Housing pending further investigation.



FOI EXEMPT
NO INMATE DISCLOSURE



**UNITED STATES GOVERNMENT**
*FEDERAL BUREAU OF PRISONS*
*United States Penitentiary*
*Pollock, Louisiana*

August 31, 2003

MEMORANDUM   FOR:   E. Garcia  Lieutenant

FROM:                        *J, Griffith Senior Officer*

SUBJECT:                   Fight at the camp

On August 31, 2003 I responded to a fight call at the camp.  Upon arrival I observed inmate (b)(7)c, (b)(7)f

(b)(7)c, (b)(7)f



FOI EXEMPT
NO INMATE DISCLOSURE



UNITED STATES GOVERNMENT

# memorandum

FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

August 31, 2003

MEMORANDUM FOR    Lt. Garcia

FROM:                       C. Turner, Case Manager

SUBJECT:                   Camp Incident (Fight)


On Sunday, August 31, 2003, approximately 8:30 A. M, I heard a call by Camp OIC Craig, indicating there was a fight at the camp. By the time I arrived at the Camp dorm, inmate (b)(7)c, (b)(7)f                                                                    Inmate Romero, #79245-079, was unrestrained standing in front of the Counselor's office. I stood by inmate Romero until Officer Craig could obtain cuffs. Once inmate Romero was restrained in cuffs, he was escorted to Special Housing Unit.





UNITED STATES
GOVERNMENT
**memorandum**
FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

August 31, 2003

**MEMORANDUM FOR:** E. Garcia Operation Lieutenant

**FROM:**             G. Atwell Cook Supervisor

**SUBJECT:**          Fight at the Camp

On 8-31-03 at approximately 8:37a.m. I responded to a call of inmates fighting in the camp dorm. I assisted in separating and restraining inmate Romero #79245-079 and (b)(7)c, (b)(7)f (b)(7)c, (b)(7)f Responding staff hand cuffed the inmates and escorted them to S.H.U.

FOI EXEMPT



UNITED STATES
GOVERNMENT
**memorandum**
FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

August 31, 2003

MEMORANDUM FOR: E. Garcia Operation Lieutenant

FROM:                P. Craig Senior Officer

SUBJECT:             Fight at the Camp

On 8-31-03 at approximately 8:37a.m. I observed inmate Romero #79245-079 and (b)(7)c, (b)(7)f (b)(7)c, (b)(7)f striking each other with closed fist. I notified control via radio there was a fight at the Camp Dorm. I gave both inmates a direct order to stop fighting and they continued fighting. Responding staff and I separated the two inmates, restrained them and responding staff escorted them to S.H.U.



FOI EXEMPT

UNITED STATES PENITENTIARY POLLOCK LOUISIANA

## PHOTO SHEET

FORM PREPARED BY: UNITED STATES PENITENTIARY POLLOCK LOUISIANA, LIEUTENANT'S OFFICE

PHOTOGRAPHS TAKEN BY:   E. Garcia, Lt.       USP POLLOCK

Date: 08-31-03   Time: 08:37 a.m.      Location: Camp

Inmate Involved: __Romero-Cic, Randolfo__   Reg. No. 79245-079

Inmate Involved: (b)(7)c, (b)(7)f

**PHOTO:** On 08-31-03 at approximately 08:37 a.m., the Camp officer observed Inmate Romero-Cic, Randolfo Reg. No. 79245-079 and (b)(7)c, (b)(7)f in an altercation. Inmates were medically assessed with no apparent injuries.

 

Inmate Romero sustained no visual injuries.

(b)(7)c, (b)(7)f

FOI EXEMPT

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution FPC USP Pollock | 2. Name of Injured Romero-Cicle, R | 3. Register Number 79245-079 |
|---|---|---|
| 4. Injured's Duty Assignment HVAC | 5. Housing Assignment CAMP | 6. Date and Time of Injury 8-31-03 @ 0845 |

| 7. Where Did Injury Happen (Be specific as to location) DORM AREA FRONT ENTRANCE | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment 8-31-03 @ 0940 |
|---|---|---|

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

" I WAS standing in doorway And I felt like this guy
WAS making a move on me. like sexual I went into unit
And he followed me And said he would kick my Ass And when he
threw A punch I hit him back. "

x ~~Mark Flores~~                    *Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*

Alert ¢ oriented X 3  No

Open AreA's on Skin, Noted No cuts, AbrAsions or bruising

| X-Rays Taken _____  Not Indicated ✓ |
| X-Ray Results |

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

No apparent injury. Reports No blows to head
LOP ∅ on scale of 1-10

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

No Medical Attention required.

Given Am dose of scheduled medication (Zoloft)

**13. This Injury Required:**

☑ a. No Medical Attention

☐ b. Minor First Aid

☐ c. Hospitalization

☑ d. Other (explain)
    ASSESSment
    _____
    _____

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to
    Community Physician
    B. Fronczak, RN
    USP/FPC Pollock

B. Fronczak RN
*Signature of Physician or Physician Assistant*

No injurys

No injurys

Original – Medical File                    *Self Carboned Form – If ballpoint pen is used.* PRESS HARD

FOI EXEMPT



(b)(2)Low, (b)(7)f

MEMORANDUM FOR (b)(2)Low, (b)(7)f

FROM:

SUBJECT:     ROMERO-CICLE, Randolfo
             Reg. No.: 79245-079

Attached is a Central Inmate Monitoring case packet on the above
named inmate reflecting an assignment of Separation.  Please review
the documentation and advise us of your approval or disapproval of
the assignment.

(b)(2)Low, (b)(7)f

_____ Approved/Disapproved

FOI EXEMPT

FOI EXEMPT

POL 5267.06
August 15, 2000
Attachment 6

5629.05≥ VISITOR INFORMATION CDFRM
99
. DEPARTMENT OF JUSTICE                                                    FEDERAL BUREAU OF PRISONS

| dressee | Institution | Date |
|---|---|---|
| | Re: (Inmate's Name and Register No.)  RANDOLFO ROMERO-CICIE - 79245-079 . | |

:  _____ :

I am requesting that you be included among my approved visitors. In order to establish your suitability as a
itor, it may be necessary for institution officials to send an inquiry to an appropriate law enforcement or crime
ormation agency to ascertain whether or not placing you on my visiting list would present a management problem for
institution, or have other possible adverse effects. The information obtained will be used to determine your
eptability as a visitor. The Bureau of Prisons' authority to request background information on proposed visitors is
ained in Title 18 U.S.C. § 4042.

In order for you to be considered for the visiting privilege with me, it will be necessary for you to fill out
questionnaire and release form below and return it to the following address: (Institution address).

You are not required to supply the information requested. However, if you do not
lish the information, the processing of your request will be suspended, and you will receive no further
sideration. If you furnish only part of the information required, the processing of your request may be
ificantly delayed. If the information withheld is found to be essential to the processing of your request, you will
informed, and your request will receive no further consideration unless you supply the missing information. Although
penalties are authorized if you do not supply the information requested, failure to supply such information could
lt in your not being considered for admittance as a visitor. The criminal penalty for making false statements is a
e of not more than $250,000 or imprisonment for not more than five years or both (See 18 U.S.C. § 1001).

Sincerely,

. Legal Name  *Lucila Marquez*          (b)(7)c          3. Address (Including Zip Code)
                                                          *123 Winkler*
. Telephone Number          5. Race and Sex of Visitor
ncluding Area Code)         *Hispanic - Female*           *Houston - 77087*
*713 242 0039*

. Are you a U.S. Citizen?    6a. If yes, provide Social Security No:
*Y* Yes ___ No               6b. If no, provide Alien Registration No:_____
                             6c. Provide Passport No:_____

. Relationship to above-named inmate  *Friend*          8. Do you desire to visit him/her?
                                                         *Y* Yes ___ No

. Did you know this person prior to his/her current incarceration?  *Y* Yes ___ No

. If the answer to #9 is yes, indicate the length of time you have known this person and where the relationship
veloped.      *Friend - by Phone*

.. Have you ever been convicted of a crime? If so, state the number, date, place, and nature of the conviction/s:
(b)(7)c

:. Are you currently on probation, parole, or any other type of supervision? If so, state the name of your
upervising probation/parole officer and the address and telephone no. where he/she can be contacted:
(b)(7)c

. Do you correspond or visit with other inmates? If so, indicate the individual(s) and their location(s):
(b)(7)c

. Driver's License No. and State of Issuance

                                    *N/A.*

AUTHORIZATION TO RELEASE INFORMATION

hereby authorize release to the Warden of: (Institution, Location) any record of criminal offense I may have
en arrested and convicted within the last ten (10) years, and any information related to those convictions.

gnature for Authorization to Release Information (Sign and Print Name)
f applicant is under 18 years of age, signature of parent or guardian)
additional space is required, you may use the back of this form.

*Done*

POL 5267.06
August 15, 2000
Attachment 6

S629.052 VISITOR INFORMATION CDFRM
. 99
. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| idressee | Institution | Date |
|---|---|---|

Re: (Inmate's Name and Register No.) *Randolfo Romero-Ciele - 79245-079*

r _____:

   I am requesting that you be included among my approved visitors. In order to establish your suitability as a
itor, it may be necessary for institution officials to send an inquiry to an appropriate law enforcement or crime
ormation agency to ascertain whether or not placing you on my visiting list would present a management problem for
institution, or have other possible adverse effects.   The information obtained will be used to determine your
eptability as a visitor.  The Bureau of Prisons' authority to request background information on proposed visitors is
tained in Title 18 U.S.C. § 4042.

   In order for you to be considered for the visiting privilege with me, it will be necessary for you to fill out
questionnaire and release form below and return it to the following address: (Institution address).

   You are not required to supply the information requested.  However, if you do not
nish the information, the processing of your request will be suspended, and you will receive no further
sideration.  If you furnish only part of the information required, the processing of your request may be
nificantly delayed.  If the information withheld is found to be essential to the processing of your request, you will
informed, and your request will receive no further consideration unless you supply the missing information.  Although
penalties are authorized if you do not supply the information requested, failure to supply such information could
ult in your not being considered for admittance as a visitor.  The criminal penalty for making false statements is a
e of not more than $250,000 or imprisonment for not more than five years or both (See 18 U.S.C. § 1001).

                                     Sincerely,

| 1. Legal Name *Ciron Anabelis* | 2. Date of Birth (b)(7)c | 3. Address (Including Zip Code) |
|---|---|---|
| 4. Telephone Number (Including Area Code) | 5. Race and Sex of Visitor *Hispanic - Female* | *123 Winkler Huston ty 77087* |

| 5. Are you a U.S. Citizen?  ___ Yes ✔ No | 6a. If yes, provide Social Security No: (b)(7)c  6b. If no, provide Alien Registration No: (b)(7)c  6c. Provide Passport No: _____ |
|---|---|

| 7. Relationship to above-named inmate *Friend* | 8. Do you desire to visit him/her?  ✔ Yes ___ No |
|---|---|

9. Did you know this person prior to his/her current incarceration? ✔ Yes ___ No

. If the answer to #9 is yes, indicate the length of time you have known this person and where the relationship
eveloped.   *13 Years*

1. Have you ever been convicted of a crime? If so, state the number, date, place, and name of the conviction/s:
(b)(7)c

2. Are you currently on probation, parole, or any other type of supervision? If so, state the name of your
upervising probation/parole officer and the address and telephone no. where he/she can be contacted:
(b)(7)c

3. Do you correspond or visit with other inmates? If so, indicate the individual(s) and their location(s):

4. Driver's License No. and State of Issuance


                         AUTHORIZATION TO RELEASE INFORMATION

hereby authorize release to the Warden of: (Institution, Location) any record of criminal offenses for which I have
een arrested and convicted within the last ten (10) years, and any information related to those convictions.
*Anavelis Ciron*               *Anavelis Ciron*
ignature for Authorization to Release Information (Sign and Print Name)
If applicant is under 18 years of age, signature of parent or guardian.
f additional space is required, you may use the back of this form.

FOI EXEMPT
NO INMATE DISCLOSURE

POL 5267.06
August 15, 2000
Attachment 6

S629.052 VISITOR INFORMATION CDFRM
· 99
. DEPARTMENT OF JUSTICE                                                 FEDERAL BUREAU OF PRISONS

| Idressee | Institution | Date |
|---|---|---|
| | Re: (Inmate's Name and Register No.) *Randolfo Romero - Reg. 79 245-07...* | |

r                                              :

   I am requesting that you be included among my approved visitors. In order to establish your suitability as a
itor, it may be necessary for institution officials to send an inquiry to an appropriate law enforcement or crime
ormation agency to ascertain whether or not placing you on my visiting list would present a management problem for
institution, or have other possible adverse effects. The information obtained will be used to determine your
eptability as a visitor. The Bureau of Prisons' authority to request background information on proposed visitors is
tained in Title 18 U.S.C. § 4042.

   In order for you to be considered for the visiting privilege with me, it will be necessary for you to fill out
questionnaire and release form below and return it to the following address: (Institution address).

   You are not required to supply the information requested. However, if you do not
nish the information, the processing of your request will be suspended, and you will receive no further
sideration. If you furnish only part of the information required, the processing of your request may be
nificantly delayed. If the information withheld is found to be essential to the processing of your request, you will
informed, and your request will receive no further consideration unless you supply the missing information. Although
penalties are authorized if you do not supply the information requested, failure to supply such information could
ult in your not being considered for admittance as a visitor. The criminal penalty for making false statements is a
e of not more than $250,000 or imprisonment for not more than five years or both (See 18 U.S.C. § 1001).

                              Sincerely,

| 1. Legal Name *Wendy Lamos* | 2. Date of Birth (b)(7)c | 3. Address (Including Zip Code) *123 Winkler·* |
|---|---|---|
| 4. Telephone Number (Including Area Code) | 5. Race and Sex of Visitor *Hispanic- Female* | *Houston H. 770* |

| 5. Are you a U.S. Citizen? ___ Yes ✔ No | 6a. If yes; provide Social Security No: 6b. If no, provide Alien Registration No: (b)(7)c 6c. Provide Passport No: |
|---|---|

7. Relationship to above-named inmate *Friend*          8. Do you desire to visit him/her? ✔ Yes ___ No

9. Did you know this person prior to his/her current incarceration? ✔ Yes ___ No

9. If the answer to #9 is yes, indicate the length of time you have known this person and where the relationship
eveloped. *15 Years - Friend*

1. Have you ever been convicted of a crime? If so, state the number, date, place, and nature of the conviction/s:
(b)(7)c

2. Are you currently on probation, parole, or any other type of supervision? If so, state the name of your
upervising probation/parole officer and the address and telephone no. where he/she can be contacted:
(b)(7)c

3. Do you correspond or visit with other inmates? If so, indicate the individual(s) and their location(s):
(b)(7)c

4. Driver's License No. and State of Issuance
                              *N/A*

                      AUTHORIZATION TO RELEASE INFORMATION

 hereby authorize release to the Warden of: (Institution, Location) any record of criminal offenses for which I have
een arrested and convicted within the last ten (10) years, and any information related to those convictions.

ignature for Authorization to Release Information (Sign and Print Name)
If applicant is under 18 years of age, signature of parent or guardian)
f additional space is required, you may use the back of this form.

FOI EXEMPT
NO INMATE DISCLOSURE

*Done*

POL 5267.06
August 15, 2000
Attachment 6

S629.052 VISITOR INFORMATION CDFRM
· 99
. DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

| dressee | Institution | Date |
|---|---|---|
| | Re. (Inmate's Name and Register No.) | |

Randolfo. Romero - *Cicle* - 79245-079

r                                        :

 I am requesting that you be included among my approved visitors. In order to establish your suitability as a
itor, it may be necessary for institution officials to send an inquiry to an appropriate law enforcement or crime
ormation agency to ascertain whether or not placing you on my visiting list would present a management problem for
institution, or have other possible adverse effects. The information obtained will be used to determine your
eptability as a visitor. The Bureau of Prisons' authority to request background information on proposed visitors is
tained in Title 18 U.S.C. § 4042.

 In order for you to be considered for the visiting privilege with me, it will be necessary for you to fill out
questionnaire and release form below and return it to the following address: (Institution address).

 You are not required to supply the information requested. However, if you do not
nish the information, the processing of your request will be suspended, and you will receive no further
sideration. If you furnish only part of the information required, the processing of your request may be
nificantly delayed. If the information withheld is found to be essential to the processing of your request, you will
informed, and your request will receive no further consideration unless you supply the missing information. Although
penalties are authorized if you do not supply the information requested, failure to supply such information could
ult in your not being considered for admittance as a visitor. The criminal penalty for making false statements is a
e of not more than $250,000 or imprisonment for not more than five years or both (See 18 U.S.C. § 1001).

Sincerely,

| . Legal Name Margarita Bonilla | 2. Date of Birth (b)(7)c | 3. Address (Including Zip Code) |
|---|---|---|
| 4. Telephone Number including Area Code) | 5. Race and Sex of Visitor Hispanic. | 123 Wuehler Houston Fl 77087 |

5. Are you a U.S. Citizen?
✓ Yes ___ No

6a. If yes; provide Social Security No: (b)(7)c
6b. If no, provide Alien Registration No:
6c. Provide Passport No:

7. Relationship to above-named inmate   Friend

8. Do you desire to visit him/her?
✓ Yes ___ No

9. Did you know this person prior to his/her current incarceration? ✓ Yes ___ No

10. If the answer to #9 is yes, indicate the length of time you have known this person and where the relationship
eveloped.     18 Years

11. Have you ever been convicted of a crime? If so, state the number, date place, and nature of the conviction/s:

(b)(7)c

12. Are you currently on probation, parole, or any other type of supervision? If so, state the name of your
upervising probation/parole officer and the address and telephone no. where he/she can be contacted:

(b)(7)c

13. Do you correspond or visit with other inmates? If so, indicate the individual(s) and their location(s):   *no*

14. Driver's License No. and State of Issuance

*N/A*

AUTHORIZATION TO RELEASE INFORMATION

 hereby authorize release to the Warden of: (Institution, Location) any record of criminal offenses for which I have
een arrested and convicted within the last ten (10) years, and any information related to those convictions.

*Margarita Bonilla     Margarita Bonilla*
ignature for/Authorization to Release Information (Sign and Print Name)
If applicant is under 18 years of age, signature of parent or guardian)
f additional space is required, you may use the back of this form.

FOI EXEMPT

BP-S619.052 VISITOR INFORMATION CDFRM
MAY 99

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| Addressee | Institution | Date |
|---|---|---|
| PO-BOX 26010 -CAMP - J - B<br>BEAUMONT TEXAS 77720 | FPC BEAUMONT | 3-13-00 |
| | Re: (Inmate's Name and Register No.)<br>RANDOLFO - ROMERO CICLE - 79245-079 | |

Dear _____:

    I am requesting that you be included among my approved visitors. In order to establish your suitability as a visitor, it may be necessary for institution officials to send an inquiry to an appropriate law enforcement or crime information agency to ascertain whether or not placing you on my visiting list would present a management problem for the institution, or have other possible adverse effects. The information obtained will be used to determine your acceptability as a visitor. The Bureau of Prisons' authority to request background information on proposed visitors is contained in Title 18 U.S.C. § 4042.

    In order for you to be considered for the visiting privilege with me, it will be necessary for you to fill out the questionnaire and release form below and return it to the following address: (Institution address) FOI EXEMPT

    You are not required to supply the information requested. However, if you do not furnish the information, the processing of your request will be suspended, and you will receive no further consideration. If you furnish only part of the information required, the processing of your request may be significantly delayed. If the information withheld is found to be essential to the processing of your request, you will be informed, and your request will receive no further consideration unless you supply the missing information. Although no penalties are authorized if you do not supply the information requested, failure to supply such information could result in your not being considered for admittance as a visitor. The criminal penalty for making false statements is a fine of not more than $250,000 or imprisonment for not more than five years or both (See 18 U.S.C. § 1001).

Sincerely,

_[signature]_

| 1. Legal Name<br>LEMUEL Rodney Copeland | 2. Date of Birth<br>(b)(7)c | 3. Address (Including Zip Code)<br>729 BLAISDALE<br>RICHMOND, TX<br>77469 |
|---|---|---|
| 4. Telephone Number (Including Area Code)<br>281-341-7847 | 5. Race and Sex of Visitor<br>NEGRO - MALE | |

| 6. Are you a U.S. Citizen?<br>_X_ Yes ___ No | 6a. If yes, provide Social Security No: (b)(7)c<br>6b. If no, provide Alien Registration N<br>6c. Provide Passport No: |
|---|---|

7. Relationship to above-named inmate
WORK IMATE - FRIEND

8. Do you desire to visit him/her?
_X_ Yes ___ No

9. Did you know this person prior to his/her current incarceration? _X_ Yes ___ No

10. If the answer to #9 is yes, indicate the length of time you have known this person and where the relationship developed.
ABOUT 1 YR. WE WORKED AT SAME PLACE

11. Have you ever been convicted of a crime? If so, state the number, date, place, and nature of the conviction/s:
(b)(7)c

12. Are you currently on probation, parole, or any other type of supervision? If so, state the name of your supervising probation/parole officer and the address and telephone no. where he/she can be contacted:
(b)(7)c

13. Do you correspond or visit with other inmates? If so, indicate the individual/s and their location/s:
(b)(7)c

14. Driver's License No. and State of Issuance
(b)(7)c

---

**AUTHORIZATION TO RELEASE INFORMATION**

I hereby authorize release to the Warden of: (Institution, Location) any record of criminal offenses for which I have been arrested and convicted within the last ten (10) years, and any information related to those convictions.

_Lemuel Copeland   Rodney Copeland_
Signature For/Authorization to Release Information (Sign and Print Name)
(If applicant is under 18 years of age, signature of parent or guardian)
if additional space is required, you may use the back of this form.
(This form may be replicated via WP)

Replaces BP-S309 of Jul '95 and BP-S310 of May 94

Please return this form to:    Lisa Buganski, Counselor
P.O. Box 26035
Beaumont, Texas 77720-6035

FOI EXEMPT

FOI EXEMPT

NO INMATE DISCLOSURE

EXHIBIT 5

(BOP's Supplemental Response Letter w/ (4) Pages
dated May 12, 2006)



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

May 12, 2006

Randolfo Romero-Cicle
Register Number 79245-079
Federal Correctional Institution
Post Office Box 9000
Forrest City, Arkansas 72336

Re:   Request Number 2005-02497
      Supplemental Response

Dear Mr. Romero-Cicle:

This is a supplemental response to the Federal Bureau of Prisons'
final determination letter dated February 23, 2005, concerning the
above captioned request.

Upon further review of the records responsive to your request, I
have decided to release additional portions on four pages, copies of
which are enclosed.

I note that these records are currently the subject of a civil
action filed by you in the United States District Court for the
District of Columbia, Case Number 05-CV-2303(RJL); therefore,
administrative appeal rights are no longer available to you.

Sincerely,

Michael D. Hood
Regional Counsel

cc:   Jennifer Ashworth, Attorney-Advisor
      Office of Information and Policy
      Washington, D.C.

Encl:   (4)

 

UNITED STATES
GOVERNMENT
**memorandum**
FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

September 12, 2003

MEMORANDUM FOR CARL CASTERLINE, WARDEN

FROM:         Robert Kosco, Camp Administrator

SUBJECT:      ROMERO-CICLE, Randolfo
              Reg. No.: 79245-079

Attached is a Central Inmate Monitoring case packet on the above named inmate reflecting an assignment of Separation. Please review the documentation and advise us of your approval or disapproval of the assignment.

Approved/Disapproved _____
                          Carl Casterline, Warden

*FOI EXEMPT*

*FOI Exempt-Sensitive Limited Official Use Only*

FOI EXEMPT



UNITED STATES GOVERNMENT
## memorandum
FEDERAL BUREAU OF PRISONS
United States Penitentiary
Pollock, Louisiana

August 31, 2003

MEMORANDUM FOR    Frederick Jefferson , Captain

FROM:        Z. Allen, Lieutenant

SUBJECT:        **Fight At Camp Inmate Romero, Randolf Reg. No. 79245-079 and**
Inmate (b)(7)c, (b)(7)f

On August.31,2003 at approximately 8:37am a call was announced (via radio) of a fight at the Camp, I immediately responded to the camp. Upon arriving I observed two inmates being restrained by staff . After I assessed the situation, I instructed responding staff to escort the two inmates to Special Housing. The two inmates were later identified as inmate Romero, Randolf .Reg. No 79245-079 and Inmate (b)(7)c, (b)(7)f Both inmates were medically assessed and placed in Special Housing pending further investigation.



FOI EXEMPT
NO INMATE DISCLOSURE

BP-S339.051  CIM CASE INFORMATION SUMMARY  CDFRM
MAR 2002
U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| Name:<br>ROMERO-CICLE, Randolfo | Register Number:<br>79245-079 |
| Date:<br>September 7, 2003 | Institution:<br>FPC Pollock |

RATIONALE FOR CIM CLASSIFICATION:    (b)(2)Low, (b)(7)c, (b)(7)f
(b)(2)Low, (b)(7)c, (b)(7)f

SPECIFIC ASSIGNMENTS:

A. STATE PRISONER                           D. BOARD PUBLICITY

_____ COOP WITNESS                        _____

_____ REGULAR CONTRACTUAL BOARDER         _____


B. DISRUPTIVE GROUP                         E. THREATS TO GOVERNMENT OFFICIALS

_____ MEMBER                              _____ HISTORY OF THREATS

_____ SEPARATION                          _____ SURVEILLANCE


C. SPECIAL SUPERVISION                       F. SEPARATION

_____             (b)(2)Low, (b)(7f)  THREAT ASSESSMENT

_____             SPEC. MGT. CASE


SOURCE OF INFORMATION:
(b)(2)Low, (b)(7)c, (b)(7)f



Prepared by: _____        Reviewed by: _____
             Signature of Case Manager                 Signature of CIM Coordinator

Note:  File as top sheet in Section 1 of the Inmate Privacy Folder.
       Include documentation.  Not to be forwarded to the inmate.

FOI EXEMPT

```
     FORDG  535.07 *        CIM CLEARANCE AND SEPARATEE DATA        *      11-04-2004
     PAGE 001 OF 001 *                                             *      10:33:49

REGISTER NO: 79245-079 NAME: ROMERO-CICLE, RANDOLFO

REGISTER
NUMBER      LAST NAME            FIRST     ARS ARS             ARS            ARS  QTR
                                 NAME      FCL ASSIGN          DATE          TIME ASSIGN

  79245-079 ROMERO-CICLE         RANDOLFO FOR A-DES            10-27-2003 1513 W10-124L
CMC ASSGNS: SEPARATION
02 REMARKS: 9/23/03 SCR/TS: APV 309 TRF FM POL SCP TO FOR.
02 REMARKS: 2/18/00 SCR/DWS APV TRF FM BML TO BMP SCP(308)
02 REMARKS: 5/21/01 SCR/CC APV 318 TRF FM BMP SCP TO POL SCP.
02 REMARKS: 9/4/03 SCR/LA APV 316 TEMP. TRF. FM POL TO OAD (PEND. REDES.)
```

```
(b)(7)c, (b)(7)f
```

```
  G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



# EXHIBIT 6

## (Plaintiff's FOIA Appeal dated March 24, 2006)
## Appeal Number 05-1430
### (FOIA Request Number 2005-02497)

RANDOLFO ROMERO-CICLE
INMATE NO. 79245-079
FEDERAL CORRECTIONAL COMPLEX
P.O. BOX 9000
FORREST CITY, ARKANSAS  72336

ATTORNEY GENERAL                                    MARCH 24, 2005
OFFICE OF INFORMATION AND PRIVACY
DEPARTMENT OF JUSTICE
FLAG BUILDING, SUITE 570
WASHINGTON, D.C.  20530-0001

Re:  "FOI REQUEST FOR APPEAL," No. 2005-02497

Dear Office of Information and Privacy:

PLEASE TAKE NOTICE that RANDOLFO ROMERO-CICLE (hereinafter referred to as "Mr. Romero") appeals to the Attorney General from the denial (Order entered February 23, 2005) of all Federal Bureau of Prisons ("BOP's") records pertaining to "Incident Report's" No. 201, 221, and 305.  In support thereof Mr. Romero states the following:

1. Mr. Romero requested a copy of **all** BOP's records maintained in his central file, including information being witheld in the Vaugn index. 1/

---

1/ Although "there is no set formula for a Vaughn index...the least that is required, is that the requestor and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document witheld is putatively exempt from disclosure." Hinton v. Dep't of Justice, 844 F.2d 126, 129 (3rd Cir. 1988).

2. On February 23, 2005, regional counsel, without any expla-
nation whatsoever, witheld six (6) documents under the guise of
Title 5, United States Code, Sections 552(b)(2), (b)(7)(C), (b)(7)
(F).

3. This appeal is pursuant to the six (6) pages being witheld
and <u>all</u> BOP's records pertaining to "Incident Report's" 201 (dated:
8-31-2003), 221 (dated: 5-27-2003), and 305 (dated: 3-31-2004).

4. Mr. Romero asserts that the BOP did not conduct a thorough
enough search to discover the requested documents pertianing to
"Incident Report's" 201, 221 and 305. 2/ Nor does the BOP's have
a valid enough reason to assert Freedom of Information (FOIA)
Exemptions, Title 5, U.S.C., Sections (b)(2), (b)(7)(C), and (b)(7)
(F).

5. Once Mr. Romero requested <u>all</u> documents pertaining to
"Incident Report's" 201, 221, and 305. The burden of proof is on the
agency (BOP), to establish the exemption. See <u>Dep't of Justice v.
Reporters Comm. Freedom of Press</u>, 489 U.S. 749, 109 S.Ct. 1468,
103 L.Ed.2d 774 (1989). An agency may sustain its burden through
submission of detailed affidavits that indentify the documents at
issue and explain why they fall under the claimed exemptions. <u>Cooper
Cameron Corp. v. Dep't of Labor</u>, 280 F.3d 539, 543 (5th Cir. 2002).

---

2/ Regional Counsel did release 23 pages to Mr. Romero, all per-
taining to "Incident Report" 201. It would be a stretch of the imagi-
nation to even conceive that the BOP's records did not contain doc-
uments relating to "Incident Report's" 201 and 305.

WHEREFORE, Mr. Romero respectfully requests the BOP's to release the six (6) documents and <u>all</u> documents relating to "Incident Report's" 201, 221, and 305.

Respectfully submitted,

RANDOLFO ROMERO-CICLE

(3)