IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 0 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RANDOLFO ROMERO-CICLE, )
)
Plaintiff, )
)
v. )  Civil Action No. 05-2302(RJL)
)
U. S. DEPARTMENT OF JUSTICE, )
)
Defendant. )

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY HUDGMENT

COMES NOW RANDOLFO ROMERO-CICLE, pro se, the Plaintiff in the captioned cause, and for his opposition to the Defendant's Motion for Summary Judgment, shows the Court as follows:

1.    There are material facts still in dispute between the parties which precludes the granting of summary judgment.

Summary Judgment is an appropriate remedy only when there are no material facts in dispute between the parties, and the moving party is entitled to judgment as a matter of law.  The question in this case has ultimately boiled down to six pages of material which the Bureau of Prisons has withheld in their entirety from the Plaintiff. At the outset of this litigation, there were several additional pages which had been withheld, but which the Bureau of Prisons concluded should be released to Plaintiff because the basis for withholding them could not be sustained.  There is no question but that the six pages of material pertain to the Plaintiff.  There is no question but that the six pages of material are within the purview of the Plaintiff's request made to the Bureau of Prisons pursuant to the

- 1 -

Freedom of Information Act and the Privacy Act.  The Defendant has claimed the six pages still in dispute constitute an unreasonable invasion of the privacy of third parties.  The affidavits submitted in support of its Motion for Summary Judgment do not support the claimed exemption.  5 U.S.C. §552(b)(7)(C) which authorizes the withholding of records which could reasonably be expected to constitute an unwarranted invation of personal privacy.  The affidavits submitted by the the affiants who are employees of the Bureau of Prisons, does not explain how the information sought by the Plaintiff is an unwarranted invasion of privacy.  The documents are statements pertaining to the Plaintiff and purport to describe actions by the Plaintiff.  The documents were utilized by the Bureau of Prisons in certain disciplinary proceedings brought by the Bureau of Prisons against the Plaintiff.

The utilization of the information contained on the six pages of withheld material formed the basis for a disciplinary proceeding against Plaintiff in which he was found guilty of certain rules pertaining to his confinement while Plaintiff was an inmate at the Federal Prison Camp at Pollock, Louisiana.  Thus the principal question is whether the six pages of material are exempt from disclosure un (b)(1)(7)(C) as personnel, medical or similar files of which disclosure would constitute a clearly unwarranted invasion of personal privacy. This determination cannot be made, however, in the absence of  detailed affidavits or oral testimony sufficient to establish that information was furnished under circumstances from which an assurance of confidentiality could be reasonably inferred.  Nothing in the affidavits furnished with the Defendant's Motion for Summary Judgment establishes

- 2 -

with any degree of specificity that all of the documents relevant to the Plaintiff's request have been found largely because the Plaintiff's request has been construed to concern only those documents at the Federal Correctional Institution at Forrest City, Arkansas when in truth and fact, Plaintiff's request was much broader than that. See Exhibit 1 attached to Defendant's Motion for Summary Judgment. The relevant portion of that request provides:

> "I am requesting <u>all</u> records, documents, and information you have in your files pertaining to me or mentioning my name." (Emphasis Added).

The Declaration of Karen Summers, submitted in support of the Defendant's Motion for Summary Judgment, provides in relevant part, as follows:

> **3.** Prior to executing this declaration, I reviewed the relevant BOP records of plaintiff, federal inmate Randolfo Romero-Cicle, Reg. No. 79245-079, who is currently incarcerated at the Federal Correctional Institution (FCI) in Forrest City, Arkansas. FCI Forrest City is located within the BOP's South Central Region. <u>See</u> 28 C.F.R. §503.6. At all times relevant to plaintiff's civil action, he was incarcerated at FCI Forrest City.

This claim is simply untrue. The events relevant to the Plaintiff's cause of action did not occur at FCI Forrest City, but at FPC Pollock in Louisiana. The Court's attention is directed to footnote 2, p.2. of the Summer's Declaration, which provides:

> All records relating to an inmate are maintained by his/her designated institution. When an inmate transfers from one institution to another, his records are also transferred, <u>with the exception of certain investigatory records that may reference a specific inmate or groups of inmates.</u> (Emphasis Added).

Consequently, the Dummers Declaration appears to concede that only the records maintained at FCI Forrest City were reviewed. Those relevant to Plaintiff from FPC Pollock, Louisiana have not been reviewed, and are not the subject of her Declaration. Yet there

- 3 -

are relevant records which may well still be at FPC Pollock, since this is the institution where the incident report referenced in the Complaint was issued. Thus, it must be noted the search of the BOP's system of records is incomplete.

The failure of the BOP to conduct a reasonable search of its records is a sufficient reason to deny the Motion for Summary Judgment.

The basis for withholding the information Plaintiff seeks is largely conculusory. The Declaration asserts the six pages of material which have been withheld entirely have been withheld pursuant to 5 U.S.C. §552(b)(7)(C) which provides, in relevant part:

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

See Exhibit 4 attached to the Defendant's Motion for Summary Judgment and ¶8 of the Summers Declaration.

Paragraphs 14-15 deal with the justification for not considering the Plaintiff's request under the Privacy Act. The balace of the Summers Declaration deals with the justification for the claim of nondisclosure under §552(b)(7)C), (b)(7)F) and (b)(2). The records which the Summers Declaration spends time expounding upon are not, unfortunately, all of the records that are relevant to the Plaintiff's request. The narrow construction given the Plaintiff's request for information pursuant to the Freedom of Information Act rests with the Defendant. Plaintiff has neither authorized nor encouraged by the Plaintiff. Indeed, it was not until he reviewed the Summers Declaration did he realize the Bureau of Prisons had given such a narrow construction to the FOIA request.

- 4 -

**The Exemption (b)(7)(C) Claim is not Supported.**

Defendant urges that the six pages of withheld material which their inadequate and incomplete search has yeilded is exempt from disclosure by reason of the exemption provided in 5 U.S.C. §552(b)(7)(C). The material, as described in the Summers Declaration at ¶17 consists of portions of visitor information forms containing information such as private citizen's birthdates, addresses, social securty numbers and their responses to BOP's questions regarding possible criminal history, and possible contacts with other inmates. The BOP makes no claim that such information on the visitor's forms contained such information, other than birthdates, addresses, social security numbers. Certainly that information could be excised and the baklance of the forms provided rather than to deny the entire form. The information provided on the Visitor Information Forms is not provided with any assurance the information will be maintained in confidence. Nothing on the Visitor Information Forms suggests such to be the case.

**The Exemption (b)(7)(F) Claim is not Supported.**

Exemption (b)(7)(F) permits the withholding of law enforcement records if the release of such records could reasonably be expected to endanger the life or physical safety of any individual. Yet the Summers Declaration only mentions names and identifying information of third party inmates named as plaintiff's separatees or who are referenced in an internal BOP investigation of plaintiff. Summers Declaration ¶17. BOP's conclusion that there is no public interest in the release of the information relating to the separatees because dissemination of the information would not help explain

- 5 -

the activities of the BOP. Such a determination is without any factual basis whatsoever. The manner and means of operating penal facilities in the United States or under American control elsewhere is a subject of a great deal of public interest. The conclusory statement contained in the Summers Declaration is not supported by any facts. The gratuitous assertion that the only interrest to be served by the release of the Records would be Plaintiff's personal curiosity is not supported by the record, is argumentative, and wholly without support, and is well beyond the expertise of the Declarant.

The claim advanced in ¶18 of the Summers Declaration that "there is a heightened privacy interest, in this instance, when the information found in law enforcement records could reasonably subject third-party inmates named as plaintiff's separatees or who are referenced in connection to an internal BOP investigation of plaintiff to harassment, retaliation, or other harm by federal inmates," to be wholly unsupported by anything in the Declaration. The claim is wholly conclusory and based upon speculation and surmise, and is otherwise unsupported by the record.

The BOP has utilized the exemption in §552(b)(7)(F) to justify its withholding of the names and identifying information of third-party inmates named as plaintiff's separatees and third-party inmates named in plaintiff's records concerning Forrest City staff member's internal investigation of plaintiff. Thus, all of the amphasis on the search for records pertaining to Plaintiff have been focused on

Plaintiff's place of confinement at FCI Forrest City, Arkansas, and no attention was paid to the fact that Plaintiff was confined at the Federal Prison Camp at Pollock, Louisiana prior to being transferred to FCI Forrest City, The Declaration of Karen Summers dwells at length on events at FCI Forrest City, Arkansas. She makes the statement in ¶3 of her Declaration "at all times relevant to plaintiff's civil action, he was incarcerated at FCI Forrest City." This statement is not accurate. Indeed, most of the relevant records which the plaintiff seeks would have originated at FPC Pollock, ant not FCI Forrest City. Indeed, the major emphasis of Karen Summers's Declaration is on events at FCI Forrest City. See, for example, ¶¶ 3,4,5,6,7,12, 13 of the Summers Declaration. The entire emphasis in the Declaration has been the Plaintiff's Central file, with no mention of the investigation conducted at FPC Pollock, Louisiana. Throughout the Summers Declaration, the emphasis has been on the Central and Medical files at the Plaintiff's institution of confinement, FCI Forrest City, Arkansas. See, for example, footnote 3, p. 3, Footnote 5, p.4, footnote 6, p.6, The Summers Declaration makes the point that the Inmate Central File is the central repository for individual inmate records maintained pursuant to BOP Program Statement 5800.11. But the BOP maintains a variety of systems of records pertaining to inmates. See Footnote 9 of the SUmmers Declaration. None of these systems of records were reviewed for any information responsive to the Plaintiff's Freedom of Information Act request.

Thus not only has the Bureau of Prisons unreasonably restricted its search of its records pertaining to Plaintiff, but admits there are systems of records which have not been reviewed. See footnote

- 7 -

2 wherein the Declarant, Karen Summers states that all records relating to an inmate are maintained by his/her designated institution. When an inmate transfers from one institution to another, his records are also transferred <u>with the exception of certain investigatory records that may reference a specific inmate or group of inmates.</u> (emphasis added). Thus, by narrowly focusing the search for records to records maintained by the Plaintiff's institution of confinement, the Bureau of Prisons has unreasonably narrowed the search, and have missed certain records pertaining to the Plaintiff in the process.

The unreasonableness of the search for relevant records is, alone, sufficient reason for the Court to deny the Defendant's Motion for Summary Judgment.

The conclusions contained in the Summers Declaration are incorrect and are disputed by the Plaintiff in his attached affidavit. For example, Karen Summers declares that each step in the handling of plaintiff's request has been entirely consistent with the Bureau of Prisons and the Department of Justice procedures which were adopted to insure equitable responses to all persons seeking access to records under the FOIA/Pricacy Acts. This conclusion is not supported by the statements made to the effect that the search was limited to records maintained at the Plaintiff's current institution of confinement.

The Summers Declaration declares that Plaitniff has been provided with all responsive records pursuant to his request. This is not correct, because certain records that are responsive to the request are at FPC Pollock and not at his current institution of confinement.

These records have not been reviewed by the Bureau of Prisons.

The Summers Conclusions (pp.15-16 of the Summers Declaration) are argumentative and do not represent the personal knowledge of the Declarant. The Summers Declaration is deficient from an evidentiary standpoint because much of the material she presents is not based upon personal knowledge. When she claims that BOP "reviewed all responsive records to determine whether any portion of the records could be segregated as nonexempt and disclosed" she errs because it is clear that not all responsive records were reviewed.

The Summers Declaration does not meet the requirement of Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . .

When the Summers Declaration is measured in light of the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, it becomes apparent that many of her assertions are not based upon personal knowledge as required by the rule.

To obtain summary judgment, an agency, in this case, the Bureau of Prisons, must show, "viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents.: <u>Steinberg</u> v. <u>United States Dep't of Justice</u>, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting <u>Weisberg</u> v. <u>United States Dep't of Justice</u>, 745 F.2d 1476, 1485 (D.C. Cir.1984). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the agency's search.

Perry Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are ordinarily sufficient to demonstrate the agency's compliance with the FOIA, id. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

In applying this standard to the facts of the case at bar, it is readily apparent that the search described in the Karen Sumers Declaration was not reasonably calculated to produce the records responsive to the Plaintiff's request. Yet, in determining the adequacy of a fOIA search, the Court is guided by the principles of reasonableness. Oglesby v. United States Dep't of the Army, 920 F.2d at 68.

Clearly, the search conducted by the Bureau of Prisons for records responsive to the Plaintiff's request was incomplete, and not reasonably calculated to produce all relevant records from the agency's system of records which were responsive to the Plaintiff's request. This is a sufficient basis on which to deny the Agency's motion for summary judgment.

It is the Plaintiff's burden in a challenge to the adequacy of the search to present evidence rebutting the agency's initial showing of a good faith search. Maynard v. CIA, 986 F.2d 547, 650 (2nd Cir. 1993). Here, the Plaitniff has challenged the adequacy of the search, and has supplied an Declaration of his own explaining why the search was inadequate. Plaintiff noted he had previously

been an inmate at the Federal Prison Camp at Pollock, Louisiana, prior to being transferred to the Federal Correctional Institution at Forrest City, Arkansas. Romero-Cicle Declaration at ¶3, p. 1. Plaintiff is aware of relevant documents at FPC Pollock, Louisiana, because he received a disciplinary report there, and was sanctioned there for the alleged infraction of the rules of the institution. The investigatory file is not a part of the central file, and is at Pollock, Louisiana. See ¶4 of the Romero-Cicle Declaration, a p.2.

Too, the Plaintiff has disputed that the six pages withheld from the Plaintiff are records which were compiled for law enforcement purposes. The highly conclusory statement of Karen Summers is insufficient to establish the material which the Defendant claims is exempt from disclosure.

**WHEREFORE,** for the foregoing reasons, Plaintiff prays an Order denying the Defemdamt's Motion for Summmary Judgment.

Respectfully submitted,

Randolfo Romero-Cicle
Reg. NO. 792-079
Federal Correctional Institution
Post Office Box 9000
Forrest City, Arkansas 72336-9000,

Plaintiff, pro se

## CERTIFICATE OF SERVICE

This is to certify the undersigned did mail a true and correct copy of the foregoing

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

to:

Jennifer H. Ashworth
Attorney-Advisor
Office of Information and Privacy
1425 United States Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, DC 20530-0001

by first-class mail, in a wrapper addressed as aforesaid, with sufficiinet first-class postage prepaid and affixed thereto, and by placing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Institution at Forrest City, Arkansas, on this 27th day of July, 2006.

_____
Randolfo Romero-Cicle

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLFO ROMERO-CICLE,           )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    Civil ActionNo. 05-2302(RJL)
                                 )
U. S. DEPARTMENT OF JUSTICE,     )
                                 )
    Defendant.                   )

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE DISPUTE

1. By letter dated January 19, 2005, plaitniff submitted a request under the Freedom of Information Act and the Privacy Act to the Bureau of Prisons (BOP) for all records concerning himself. Declaration of Randolfo Romero-Cicle, ¶2.

2. The Bureau of Prisons conducted a search of its system of records, but limited the search to the records which would be found at the Federal Correctional Institution at Forrest City, Arkansas, and not the records pertaining to Plaintiff at FPC Pollock.

3. There has been no disclosure to the Plaintiff of the records from the Defendant's system of records pertaining to the Plaintiff that relate to the Code 221 incident report issued and adjudicated at Pollock, Louisiana. The request for records was sufficiently broad enough to cover this particular incident, yet the Plaintiff has been provided no records pertaining to that incident, including the documents that were received by the Bureau of Prisons at Pollock, Louisiana which formed the basis for the incident report charging a Code 221 violation.

4. The failure of the Bureau of Prisons staff to conduct a

- 1 -

search of the records at Pollock, Louisiana caused a number of records pertaining to the Plaintiff, and which were responsive to his request, to be overlooked and not disclosed in any manner to either the Plaintiff or to the Court.

5. The record consisting of 6 pages which has been withheld from the Plaintiff in its entirety was not obtained by the Bureau of Prisons as a result of any law enforcement purpose, and was not obtained under any promise, either express or implied, of confidentiality. The disclosure of the record does not pose any threat of harm to any individual, nor would the disclosure of the record reasonably be believed to result in harm to any party either within or without the Bureau of Prisons.

6. There is no factual basis for the claim that the disclosure of the contents of any of the records concealed from the Plaintiff would either constitute an unwarranted invasion of personal privacy, or that the records would subject any person to reprisal of any kind.

Respectfully submitted,

*[signature]*

Randolfo Romero-Cicle
Reg. No. 79245-079
Federal Correctional Institution
Post Office Box 9000
Forrest City, Arkansas 72336-9000

Plaintiff, pro se

## CERTIFICATE OF SERVICE

This is to certify the undersigned did mail a true and correct copy of the foregoing

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS
A GENUINE DISPUTE**

to:

Jennifer H. Ashworth
Attorney-Advisor
Office of Information and Privacy
1425 United States Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, DC 20530-0001

by first-class mail, in a wrapper addressed as aforesaid, with sufficiinet first-class postage prepaid and affixed thereto, and by placing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Institution at Forrest City, Arkansas, on this 27th day of July, 2006.

_____
Randolfo Romero-Cicle