IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDOLFO ROMERO-CICLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U. S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2302 (RJL) |

### DECLARATION OF RANDOLFO ROMERO-CICLE

**COMES NOW RANDOLFO ROMERO-CICLE**, who upon his oath, and pursuant to the provisions of 28 U.S.C. §1746, does make the following Declaration under the pains and penalties of perjury:

1. I am the Plaintiff in that certain litigation pending in the United States District Court for the District of Columbia, styled Randolfo Romero-Cicle, Plaintiff versus the United States Department of Justice, Civil No. 05-2302(RJL).

2. In my Freedom of Information Act request, dated January 19, 2005, I requested all records, documents, and information to Bureau of Prisons had in its system of records pertaining to me or mentioning me by name. That request was not limited to the records at the Federal Correctional Institution at Forrest City, Arkansas, and was meant to include all records of the Bureau of Prisons pertaining to me, irrespective of where those records may be located.

3. I had previously been an inmate at the Federal Prison Camp at Pollock, Louisiana, prior to being transferred to the Federal Correctional Institution at Forrest City, Arkansas. There are records pertaining to me at the Federal Prison Camp, Pollock, Louisiana that have not been disclosed, and have not been referred to in the Declaration of Karen Summers which are relevant to the Freedom of Information Act request, and which were part of the records pertaining to

to me at the Federal Prison Camp (FPC) at Pollock, Louisiana. The search for records pertaining to me by the Bureau of Prisons is incomplete, and has failed to identify a number of records in the Bureau of Prisons System of Records which pertain to me.

4. While the Bureau of Prisons (hereinafter BOP) did inform me in response to my Freedom of Information Act (FOIA) request they were construing my request as one seeking all records maintained in my central and medical files, which I was told was all of the records maintained by the Bureau of Prisons pertaining to me, I note Footnote 2 of the Declaration of Karen Summers states all records relating to an inmate are maintained by his/her designated institution. When an inmate transfers from one institution to another, his records are also transferred, with the exception of certain investigatory records that may reference a specific inmate or groups of inmates. One or more records pertaining to me, which I believed my broadly worded request would reach, are the records at Pollock, Louisiana pertaining to an investigation regarding alleged conduct on my part while I was confined at the Federal Prison Camp (FPC) in Pollock, Louisiana.

5. One of the records stemming from the investigation at FPC Pollock regarding allegations of impropriety on my part, which came from a private citizen in the community there. The record was not solicited by law enforcment personnel, but was provided to FPC authorities under no promise of confidentiality, either express or implied.

6. The Declaration of Karen Summers does not describe the particular document at all, yet the document does exist in the system of records maintained by the Bureau of Prisons. The record was included within the scope of my request for records. The fact that the Karen Summers Declaration fails to describe the document in even a general may suggests this record is not within the narrow search for records made by Bureau of Prisons personnel, and that the search for

records responsive to my request has been either incomplete or too restricted to have discovered the document to which I make reference.

7. There was an incident report for a Code 221 violation, but no records have been provided to me regarding that incident. The incident is alleged to have happened at FPC Pollock, Louisiana. The alleged incident was investigated by the staff at FPC Pollock, and was not a part of the files that I reviewed at the Federal Correctional Institution at Forrest City, Arkansas, where I am currently confined.

8. I have had the opportunity to review the medical file and the central file, but not any portion of the "FOIA Exempt" portion of the central file.

9. Either the material pertaining to the Code 221 incident report is not in my central file, and remains at FPC Pollock, whose records have not been reviewed in connection with the processing of my FOIA request, or else there has been an inadequate description of the documents pertaining to this incident in the Karen Summers Declaration.

10. I do not believe summary judgment is yet appropriate in this case because the failure of the Bureau of Prisons to search all of its relevant systems of records, including those still at FPC Pollock, for the records pertaining to me. The BOP records responsive to my request have either deliberately not been reviewed, or have not been reviewed with the thoroughness that is required to locate the records responsive to my request.

11. There is a dispute as to a material fact in this case aside from the inadequacy of the search or records, and that pertains to those records for which the Defendant is seeking to claim an exemption from disclosure under 5 U.S.C. §552(b)(7)(C). A particular document supplied by a third-party, and which is part of the system of records maintained by the Bureau of Prisons,, and supplied without any promise of confidentiality, either express or implied,

but which pertained to my alleged activities at FPC Pollock is being concealed without just cause or excuse, and should be disclosed to me.

12. For these reasons, I believe there are material facts still in dispute between the parties which precludes a disposition of this case by summary judgment at this time.

13. Further, Declarant sayeth maught.

Dated this 18th day of July, 2006, at Forrest City, Arkansas, and declared by me to be true and correct under the pains and penalties of perjury, as authorized by 28 U.S.C. §1746.

_____
RANDOLFO ROMERO-CICLE

CERTIFICATE OF SERVICE

This is to certify the undersigned did mail a true and correct copy of the foregoing

**DECLARATION OF RANDOLFO ROMERO-CICLE**

to:

Jennifer H. Ashworth
Attorney-Advisor
Office of Information and Privacy
1425 United States Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, DC 20530-0001

by first-class mail, in a wrapper addressed as aforesaid, with sufficiinet first-class postage prepaid and affixed thereto, and by placing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Institution at Forrest City, Arkansas, on this ___ day of July, 2006.

_____
Randolfo Romero-Cicle