UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLFO ROMERO-CICLE )
)
    Plaintiff, )
)
v. ) Civil Number 1:05-2303
)
U.S. DEPARTMENT OF JUSTICE, )
)
    Defendant. )

SUPPLEMENTAL DECLARATION OF KAREN SUMMERS

I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

1. I am a Paralegal Specialist for the Federal Bureau of Prisons (BOP) of the United States Department of Justice at the South Central Regional Office in Dallas, Texas.

2. The statements I make hereinafter, are made on the basis of my review of the official files and records of BOP, or on the basis of information acquired by me through the performance of my official duties. I reaffirm everything in my Declaration dated May 31, 2006, regarding this case.

3. This supplemental declaration is provided for clarification of the BOP's search of records in response to FOIA/PA Request Number 2005-02497, submitted by plaintiff, Randolfo Romero-Cicle, Register Number 79245-079. At all times relevant to plaintiff's request, he was, and continues to be,

1

incarcerated at the Federal Correctional Institution (FCI) in Forrest City, Arkansas.

4. As noted in my declaration dated May 31, 2006, ¶ 13, the BOP reaffirmed that records pertaining to plaintiff's incident report for Code 221 are available to him at his current institution, and that the documents were maintained in the non "FOI Exempt" section of his central file. Inmates' central files are located in the system of records known as Inmate Central Records System, Justice/BOP-005. Attached is a copy of plaintiff's incident report for Code 221 and the Discipline Hearing Officer's report for said offense that are located in plaintiff's central file at FCI Forrest City.

5. Based on issues raised in plaintiff's opposition memo, BOP conducted a courtesy search at FPC Pollock for records pertaining to plaintiff's violation of Code 221, *Being in an Unauthorized Area with a Person of the Opposite Sex*. This additional search located records maintained by the Special Investigative Supervisor (SIS) in the records system entitled <u>Prison Security and Intelligence Record System</u>, JUSTICE/BOP-001.[1] This SIS record system maintains information based on

---

[1] Documents maintained by the SIS and SIA staff are retrieved from a systems of records identified as "Prisons Security and Intelligence Record System, JUSTICE/BOP-001." This systems of records assists Bureau staff in gathering and organizing information on serious prison incidents such as escape plots; inmate assaults; major prison disturbances; investigative reports and confidential informant information. This system is necessary to better prison security and better protect inmates, staff and the public.

2

institution, date, type of incident, and where available, by inmate name. Investigative records are routinely maintained by the SIS, with the exception of investigative records relating to an inmate's Central Inmate Monitoring (CIM) assignment for separation from other inmates, which are routinely forwarded for inclusion in the "FOI Exempt" section of an inmate's central file.

6. The records located as a result of BOP's additional search consist of five (5) records relating to Code 221 (which are duplicate copies of those maintained in plaintiff's central file) and sixteen (16) SIS records compiled in connection to plaintiff's violation of Code 221. These records were not located as a result of BOP's search for records responsive to plaintiff's request, because they are maintained solely in the "Prison Security and Intelligence Record System, JUSTICE/BOP-001." The sixteen pages of investigative records were not subject to placement in the plaintiff's central file because they do not relate to plaintiff's CIM assignment for separation from other inmates.

7. Additionally, a review of BOP records, specifically the Freedom of Information and Privacy Act (FOIA/PA) Electronic Database, indicates plaintiff has not filed another FOIA/PA Request in connection with an investigation regarding Code 221, or for any other records not maintained in his central file.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Executed this 16th day of August 2006.

_____
Karen Summers
Paralegal Specialist
Bureau of Prisons
South Central Regional Office
Dallas, Texas

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE
ORIGINAL
BP-S305.052 MAY 94
FEDERAL BUREAU OF PRISONS

| INSTITUTION | USP Pollock | | INCIDENT REPORT NUMBER | | 1112854 |
|---|---|---|---|---|---|
| INMATE NAME | Romero-, Randolfo | REG NO | 79245-079 | UNIT | Camp |
| DATE OF INCIDENT | 5-27-03 | | DATE OF INCIDENT REPORT | | 6-10-03 |
| OFFENSE CODE(S) | 221 | | | | |
| SUMMARY OF CHARGES | Being in an Unauthorized Area with a Person of the Opposite Sex | | | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 6-11-02 at (time) 5:25 pm (by staff member) E. Transou, Lieutenant

B. The DHO Hearing was held on (date) 6-24-03 at (time) 12:20 pm

C. The inmate was advised of his/her rights before the DHO by (staff member): R. McGowan, Counselor on (date) 6-12-03 and a copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.   Yes:     No: X

B. Inmate requested staff representative and J. Huertas, Chaplain appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: N/A

D. Staff representative N/A was appointed.

**III. PRESENTATION OF EVIDENCE**

A. Inmate admits | denies | X the charge(s).

B. Summary of inmate statement:

Inmate Romero stated he was ready to proceed at this time, his requested staff representative was present, he requested no witnesses, and understood his rights before the DHO. Inmate Romero stated he received his copy of the incident report. Any delays in this process were reported not to have affected Romero's defense.

You told the DHO; "they don't respect confidentiality. They were allowed to see letters. I made drawings. It was not appropriately handled. The phrases are not mine. I never said such a thing ("would engage in heavy intellectual conversations" as noted in the report). I talk to her; she was my superior-never romantic. It was a friendship. The letters are true. I quit the program; not removed. I will accept the punishment."

Your staff rep, Chaplain Huertas was made aware of all information in this regard. He said you were straight-forward, polite and kind. He was concerned about the fake address issue. He said further this act gave the appearance of misconduct. You were said to be having difficulty being far away from family. In short, Chaplain Huertas was disappointed in you and your actions.

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | X |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | X |
|---|---|---|---|---|---|---|

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Supporting documentation in the form of an SIS Report submitted by P. Johnson, et al. Evidence including an envelope, letters, and a card.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

### IV. FINDINGS OF THE DHO

| X | A. The act was committed as charged. | |
|---|---|---|
| | B. The following act was committed: | |
| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. | |

### V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds on May 27, 2003, at or about unknown times, you committed the prohibited act of Being in an Unauthorized Area with a Person of the Opposite Sex, code 221. The decision was based upon the account of the investigating Lieutenant who stated that after an SIS investigation; you were found to have been involved in an unauthorized relationship with a female employee of the U.S. Forest Service. This relationship included your involvement in being in unauthorized areas with a female. Your previous statements, others' statements; as well as cards and letters were all used to conclude that your involvement was a violation of this code.

The DHO believes you committed the prohibited act of code 221. The decision was based on the account of the investigating Lieutenant, who stated that he found you were involved in an unauthorized relationship; which was perhaps romantic. A telephone call was received from a family member concerned with letters found and written by you to the female employee of the Forest Service. There was a belief by the family member you were involved in an affair with his wife. You were interviewed by Lt. Johnson and said you worked closely with Mrs. Evelyn Smith. You said further; "as time went on, I developed feelings I could no longer contain. I fell deeply in love with her." You said you and she would get into a vehicle and take long drives; sometimes for hours at a time. You asked if you could write her, which she agreed to and you said you knew it was love. You recommended that she come up with a fake address and she did; however your letters were returned. You said she had small children and a husband she loves but can't give her what she needs; physically. Finally you stated; "my emotions just overwhelmed me. Like I said; it all started out as friendship."

You have admitted a relationship, even a friendship with Mrs. Smith. You have admitted corresponding with her. These statements were made during the DHO hearing. During the investigation, you have said you worked "closely" with Smith. You said you developed feelings and fell deeply in love. You said you did ride with her for hours at a time. You have said you encouraged her to get a "fake" address which she did. Your correspondence is certainly indicative of a "close" relationship. In fact; this relationship appears to be romantic. Your actions; including developing a relationship, correspondence, and spending time with Mrs. Smith including travel in a vehicle for hours at a time; are all examples of inappropriate behavior for an inmate and constitute a violation of the inmate discipline code; namely code 221. None of these actions were authorized or permitted.

Unauthorized areas; were a vehicle when you were spending time with Mrs. Smith and not working, as well as any other area when you were with Smith and not performing expected duties of the detail. It is more than apparent you were not working on the detail; as was expected from you. Your actions were not appropriate and were seen as romantic inclinations. Your previous admissions, the correspondence and your actions are more than enough to indicate your involvement in a relationship with a person of the opposite sex and certainly places you with that person in unauthorized areas.

Greater weight was given to staff's statements you were in an authorized area with a member of the opposite sex; rather than your denial which does not offer a relevant defense.

Accordingly, it is the finding of the DHO that you committed the prohibited act as charged.

## VI. SANCTION OR ACTION TAKEN

Disallowed Good Conduct Time: 27 days
Disciplinary Segregation: 10 days suspended pending clear conduct for 180 days

## VII. REASON FOR SANCTION OR ACTION TAKEN

You were sanctioned with Disallowance of Good Conduct Time and Disciplinary Segregation as punishment. The action on the part of any inmate to be in any area where he is not authorized threatens the ability of staff to maintain proper control and accountability of inmates at all times. If an inmate is in an unauthorized area, he is not properly supervised and would be able to commit other acts of a more serious nature.

The sanctions imposed by the DHO are to let you know that you, and you alone, are responsible for your actions.

## VIII. APPEAL RIGHTS
The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

| | Yes | X No | |
|---|---|---|---|

## IX. DISCIPLINE HEARING OFFICER

| Printed Name | Signature | Date |
|---|---|---|
| Milton B. White, DHO | [signature] | 7/14/03 |
| DELIVERED TO INMATE | DATE 7/21/03 | TIME |

(This form may be replicated in WP)                    Replaces BP-304(52) of JAN 88

BP-S288.052 INCIDENT REPORT                                                          MAY 1994
U.S. DEPARTMENT OF JUSTICE                                                   FEDERAL BUREAU OF PRISONS

| 1. Name Of Institution: | USP Pollock Part I – Incident Report | | 1112854 | |
|---|---|---|---|---|
| 2. Name Of Inmate Romero-Cicle, Randolfo | 3. Register Number 79245-079 | 4. Date Of Incident 05/27/2003 | | 5. Time 6:10 P.M. |
| 6. Place Of Incident Forest Service Detail/ FPC Pollock | 7. Assignment SHU Unassgn | 8. Unit CAMP | | |
| 9. Incident Being in Unauthorized Area With Person Of Opposite Sex | | | | 10. Code 221 |

11. Description Of Incident (Date: 06/10/03 Time: 4:00 PM Staff become aware of incident)
On 06/10/2003, at 4:00 P.M., an SIS Investigation was concluded. The investigation concluded that you (Randlolfo Romero-Cicle, Reg# 79245-079) engaged in an unauthorized relationship and traveled to unauthorized areas with a female employee of the U.S. Forestry Service, over an unknown period of time. This conclusion is based on your own admission that you "would engage in heavy intellectual conversations, and then just her, and I would get into a vehicle and ride off. Sometimes for hours at a time.", as well as witness statements confirming these incidents. Additionally, Physical evidence obtained from your personal property in the form of cards and letters to and from you clearly indicated you engaged in an unauthorized romantic relationship with a person of the opposite sex.

| 12. Signature Of Reporting Employee | Date And Time 06/10/03 5:00 P.M. | 13. Name And Title (Printed) J. Gintz, SIS Technician | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident Report Delivered 6-11-03 | 16. Time Incident Report Delivered 525 |

Part II – Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident
That Statement is false – I never said I was into a heavy intellectual conversation

18. A. It Is The Finding Of The Committee That You:
  X  Committed The Following Prohibited Act.   221
____ Did Not Commit A Prohibited Act.

B.  X  The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. ____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information
Based upon seriousness of the charge and greater sanction available at the DHO Level

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
Recommend D/S Time – sanction – and suspend it Loss of GCT

21. Date And Time Of Action 6/17/03 1330    (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

K. McGowen                    C. Turner
Chairman (Typed Name/signature)   Member (Typed Name)    Member (Typed Name)

Record Copy – Central File Record;  Copy – DHO;  Copy – Inmate After UDC Action;  Copy –

| Part III - Investigation | 22. Date And Time Investigation Began<br>6-11-03/5:15pm |
|---|---|

23. Inmate Advised Of Right To Remain Silent: You Are Advised Of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process. You Are Also Informed That Your Silence Alone May Not Be Used To Support A Finding That You Have Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By E. Transou, Lieutenant    At    6/12/03 1:23p.m.
(Date/time) 6-11-03/5:15pm

24. Inmate Statement And Attitude

Inmate Romero #79245-079, was advised of his rights and stated he understood those rights on 6-11-03. He received a copy of this report and the report was read to him. The inmate made the following statement, "This is false, I never said the part about admitting to getting in the truck and going off."

The inmate displayed a Fair attitude at this time.

25. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition Of Evidence, Etc.

See the attached SIS investigation which contains overwhelming evidence that inmate Romero had an inappropriate relationship. During this investigation the inmate admitted he wrote the letters to the staff member of the US Forestry Service. He also attempted to allege he was not aware he could write letters to this person.

26. Investigator's Comments And Conclusions
Based on the contents of section 11, the inmates admission that he developed a friendship with the individual as well as the detailed investigative report, I concur this report is true as written and supports the charge.

27. Action Taken
The inmate should remain in his current status pending action by the UDC.

Date And Time Investigation Completed 6-11-03/5:40pm

Printed Name/signature Of Investigator    E. Transou

Signature                    Lieutenant
                             Title

BP-S293.052   INMATE RIGHTS AT DISCIPLINE HEARING   CDFRM
MAY 94

**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

Institution: _____

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed: _unable to sign_   Reg. No.: 79245-079   Date: 6/12/03
Inmate Signature: Inmate unable to sign because of handcuffs

Notice of rights given to inmate (Date/time): 6/12/03  1:58 p.m.
by: R. McGowan / R. H____
   C/O Turner / C.O. ____
                    Staff Printed Name/Signature

(This form may be replicated via WP)                                    Replaces BP-S293(52) of JAN 88.

Institution: _____   Inmate Rights At Discipline Hearing (continued)

1