IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 0 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RANDOLFO ROMERO-CICLE,             )
                                   )
         Plaintiff,                )
                                   )
    v.                             )   CIVIL ACTION No. 05-2303 (RJL)
                                   )
U. S. DEPARTMENT OF JUSTICE,       )
                                   )
         Defendant.                )
                                   )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Defendant has taken the unusual step of filing a "Reply" to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment, which contains factual inaccuracies that are material to the proper disposition of the Government's Motion for Summary Judgment.

Defendant takes issue with the Plaintiff's assertion that the Bureau of Prison's search for records responsive to his request was inadequate because it was not reasonably calculated to discover all records within the Bureau of Prisons' system of records which were relevant to the Plaintiff's request.

The unilateral decision to limit the search for records to the Plaintiff's Central file was a decision made by the Bureau of Prisons. Plaintiff cannot be expected to be familiar with all of the Bureau of Prison's Systems of Records. His request to the Bureau of Prisons was clear and unambiguous: He asked for all records pertaining to him, and not merely those records

- 1 -

in his Central File pertaining to him.

'The Prison Security and Intelligence Record System, JUSTICE/BOP-001, were within the scope of Plaintiff's initial request to the Bureau of Prisons. Plaintiff, in making the broad request that he made was entitled to a broad search of the Bureau of Prisons system of records, and not one that was unilaterally limited to his Central File only.

The DHO Report recited a telephone call from a "family member" of Evelyn Smith, who was, in the report, identified as the husband of Ms. Smith. Quite obviously, there is a memorandum of the telephone call of her husband but the memorandum has not been provided to the plaintiff, and has not even been mentioned in the Defendant's Motion for Summary Judgment.

To have unilaterally limited the scope of the Plaintiff's request was unwarranted given the fact that he requested all records pertaining to himself. The attempt to claim the Plaintiff, an inmate unfamiliar with the myriad system of records maintained by the Bureau of Prisons, acquiesced in the decision by the Bureau of Prisons to a search of Plaintiff's central file is unreasonable.

Plaintiff is entitled to a proper search of all of the systems of records maintained by the Bureau of Prisons pertaining to him. The fact that there is information in his central file that suggests relevant records were maintained in another system of records should have triggered a search of that system of records as well. The Defendant at no time explained the system of records to Plaintiff, but, instead, concealed the existence of the system of records which would he most germane to Plaintiff's request

from him. This approach is wholly at odds with the spirit of the Freedom of Information Act, and clearly not responsive to the Plaintiff's initial request.

Plaintiff has never been allowed to see the "FOIA Exempt" section of his central file, and as a consequence had no knowledge as to the contents of that section of the file.

The Supplemental Summers the records pertaining to his incident reports are in his central file. Summers Supplemental Declaration ¶4. But that is not accurate. The full documentation pertaining to the incident report are not in the central file, and, apparently, never have been. Thus, the Vaubm index, the critical records relating to the incident report were not included in the description of the documents for which an exemption is being claimed. Those records described in ¶5 of the Summers Supplemental Declaration, located in the Prison Security and Intelligence Record System, JUSTICE/BOP-001. Why these records were not queried in connection with Plaintiff's initial FOIA request to the Bureau of Prisons, Plaintiff does not know. However, it is not the Plaintiff's fault that system of records was not queried as part of the BOP's response to the FOIA request he made. Instead, Plaintiff was led to believe all of the records relevant to the Plaintiff's request were in his central file.

The BOP's claims the records located as a result of BOP's additional search consist of five records relating to the Code 221 incident report and 16 pages of SIS records compiled in connection with the 221 incident report, but were not

- 3 -

included in the initial disclosures to the Plaintiff. Indeed, without this lawsuit, Plaintiff would have never known of the existence of a file at FPC Pollock, Louisiana which contained information pertaining to the Plaintiff, and which was clearly within the scope of his initial request to the Bureau of Prisons. Why these records were not queried as a part of the initial response to the Plaintiff's FOIA request, is not clear. While those records may be in a separate system of records, that system of records, too, is a part of the system of records maintained by the Bureau of Prisons. Defendant's belief that all of the records the Plaintiff had asked to review were in his central file is an assumption the BOP made on its own volition. Why the Plaintiff's initial request for recoreds was narrowly construed by the BOP is not at all clear to the Plaintiff.

While it is true that Plaintiff has not filed a new FOIA request because is request he made to the BOP was sufficiently broad to cover the newly "discovered" records. It was the BOP who decided not to put the records in the central file.

The Summers Supplemental Declaration suggests the Plaintiff should file another FOIA request asking specifically for the documents in connection with an investigation regarding Code 221. Yet there is no dispute that the Plaintiff's initial written request was for all records maintained by the BOP that pertained to him. Yet the Summers Supplemental Declaration makes no explanation as to why the investigative records were not included in the Plaintiff's Central file.

Defendant's response is deficient because it does not describe

- 4 -

with any particularity what the 16 pages of SIS records complied in connection with Plaintiff's violation of Code 221 are.

Counsel for the Government asserts that Plaintiff's claim that he did not know the BOP had narrowly construed his request under the FOIA as "improbable." But the Government does not dispute the fact that Plaintiff had, indeed, requested <u>all</u> records pertaining to himself, wherever those records might be, irrespective of the system of records in which those records might be stored. Certainly plaintiff was not consulted about the various systems of records maintained by the BOP, and when he was told the system of records which was responsive to his request was the central file, Plaintiff had no reason to question that assertion.

But as it turns out, the representation by the Bureau of Prisons was not accurate. Counsel urges that "In addition to being improbable, plaintiff's assertion is at the cvry least untimely because he improperly waited until litigation reached mid-stride to broaden the scope of his initial request." Yet counsel has apparently conveniently ignored the language of the Plaintiff's initial request. Counsel has not satisfactorily explained how a request for "all records pertaining to the Plaintiff does not mean what it says. What counsel surely means is that Plaintiff's construction of his initial request is broader than what the BOP construed it to be.

On he contrary, Plaintiff's request from the very outset included all systems of recoreds maintained by the BOP. Simply because the Defendant has chosen to construe the request more

narrowly, apparently, than the plain language of the Plaintiff's initial request, does not mean the Plaintiff's request should have been so construed. The fact that the BOP elected to construe the request as narrowly as they have apparently does not mean the Plaintiff now, "mid-stream" seeks to enlarge the scope of his request. To the contrary, it is the Defendant who has construed the request very narrowly in spite of their expertise in understanding their own system of records.

The use of what is apparently a term of art, "central file" is misleading because Plaintiff has no way of knowing what documents are maintained in his central file, particularly the "FOIA Exempt" portion of the central file. The Bureau of Prisons misled the Plaintiff into believing his central file contained all of the relevant documents he was seeking and would contain all of the documents he requested in his FOIA request.

Why did the Bureau of Prisons construe the Plaitiff's request for records so narrowly when it knew that Plaintiff had requested <u>all</u> documents in the possession of the BOP pertaining to him. The BOP knew the central file did not contain all of the records in the system of records pertaining to the plaintiff. Plaintiff did not and he has been lulled into believing the central file contained all of the documents relevant to him.

Where, as here, the Plaintiff has made a plain, unambiguous request to an agency of the Government for a copy of all records pertaining to him, and the governmental experts respond by telling him all of the records he seeks are in his central file, but know, or should know, the representation is not accurate, it

- 6 -

is the Plaintiff who was misled, not vice versa.

The claim that Defendant "articulated clear parameters for its search for response records" is sophistry. Defendant did no such thing. In response to Plaintiff's request for all records maintained by the Bureau of Prisons pertaining to him, he was advised that the request was being interpreted as one seeking documents maintained in his central file. What is not at all clear is why the Bureau of Prisons construed the Plaintiff's request so narrowly when it well knew not all of the records within the system of records pertaining to the Plaintiff would be in his central file. Plaintiff, of course, did not know this, but, instead, relied upon the Defendant to honor his plainly unambiguous request for records pertaining to himself. Defendant did not tell plaintiff that not all of the records responsive to his request would be in his central file.

Thus it is both unfair and unreasonable to assert that Plaintiff is attempting to broaden the scope of his FOIA request "mid-stream." On the contrary, it is the Bureau of Prisons which is attempting to narrow the request "mid-stream."

If the BOP had wanted to act in good faith with regard to the Plaintiff's request for all records pertaining to himself, it would have told him the majority of the records were in his central file, but not necessarily all of them. Instead, it led Plaintiff to believe all of the records responsive to his request were in his central file, well knowing that this was not true. The openness in government, the guiding spirit of the FOIA requires, at a minimum, candor from the Government. To mislead a citizen

- 7 -

even if unintentional, should not be countenanced. Had the Plaintff sought only the records from his central file, there might be some merit to the Defendant's claim that Plaintiff is seeking to enlarge the scope of his FOIA request mid-stream in the litigation. But that is not the case. Plaintiff asked for all of the records pertaining to him, and he did not receive them, and learns during the course of the litigation that there were systems of records maintained by the Bureau of Prisons which contained records relevant to the Plaitniff's request, but which were not queried.

Thus, when Plaintiff asked for a copy of all of his records in his central file, he was acting on the implied representation of the Bureau of Prisons to the effect that the central file was where all of the records relevant to his request would be. Plaitniff was not narrowing the scope of his initial request. He was simply relying, in good faith, upon the BOP's representation that this is where the records he was seeking would be found.

The Government complains that plaintiff's complaint, which is a pro se complaint, "does not include such specificity with regard to the records sought; there plaitniff merely claims that he seeks access to the records concerning BOP offense codes 201, 221, and 305 and that BOP 'has the requested recoreds as part of its agency records pertaining to [plaintiff], but refuses to disclose the records without just cause or excuse.'" The request is broad and not narrowed to any particular system of records. Yet the Government asserts that it has shown that "Defendant has confirmed that records concerning plaintiff and his

- 8 -

violations of BOP codes 201, 221, and 335 are maintained in his central file." But plaintiff unambiguously asked for all records pertaining to these incidents. If, as it turns out, not all of the records he sought were in the Central File, then the search for records responsive to Plaitniff's request has been deficient.

The fact that Plaitiff has been granted local review of records concerning his violations of offense codes 221 and 305 that are maintained in the disclosable portion of his central file is not the issue. It is clear from the Defendant's response that not all records from the system of records maintained by the Defendant which are relevant to the Plaintiff's incident reports have been provided to him.

Plaintiff has accurately claimed that BOP failed to provide him with all of the records he rquested. BOP has not acted in good faith in its response to the Plaintiff's request for records. Its response is, at best, cynical. It is clearly the law that an agency is required to undertake a good faith effort to conduct a search for records, using methods which can be reasonably be expected to produce the information requested. <u>Oglesby</u> v. <u>U.S.</u> <u>Dep't.</u> <u>of</u> <u>the</u> <u>Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990).

The BOP did not conduct a good faith effort in its search for records, as it knew the central file did not contain all of the records relevant to Plaintiff's request, yet did not advise Plaintiff of that fact. Instead, it misled the Plaintiff into believing the search had been complete, when in fact, it had not been.

- 9 -

Accordingly, Plaintiff respectfully submits, the review of the central file permitted was inadequate, and did not permit the Plaintiff a meaningful opportunity to review the central file. The single instance accorded him was under circumstances that were not conducive to a review of the central file, but in any event, the "FOIA Exempt" portion of the Central File was removed, and Plaintiff was not permitted to review any part of it.

Thus, while plaintiff has not been permitted to review the "FOIA Exempt" portion of his central file, some of the information germane to his FOIA request was not, and had never been in any portion of his central file, including the "FOIA Exempt" portion of the central file. Thus, the claim by the Defendant that its search for records was reasonably calculated to find the records which were responsive to his request.

**WHEREFORE,** for the foregoing reasons, Plaintiff respectfully submits the search for records by the Defendant was not reasonably calculated to produce all of the records responsive to the Plaintiff's initial FOIA request. Because the search has not been complete, it is inappropriate to grant summary judgment to the Defendant in view of its failure to have made a disclosure concerning the existence of a system of records containing records clearly germane to the Plaintiff's request.

Respectfully submitted,

*[signature]*
RANDOLFO ROMERO-CICLE
Reg. NO. 79245-079
Federal Correctional Institution
Post Office Box 9000
Forrest City, Arkansas 72336-9000,

**CERTIFICATE OF SERVICE**

This is to certify the undersigned did mail a true and correct copy of the foregoing

PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO HIS
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

to:

JENNIFER H. ASHWORTH
Attorney-Advisor
Office of Information and privacy
United States Department of Justice
1425 New YHork Avenue, NW
Suite 11050
Washington, DC 20530-0001

by first-class mail, in a wrapper addressed as aforesaid with sufficient first-class mail prepaid and affixed thereto, and by depositing the same in the mail receptacle provided for inmate use in mailing legal materials from the Federal Correctional Institution on this 31st day of August, 2006.

_Randolfo Romero-Cicle_