UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED

NOV **2 0** 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| RANDOLFO ROMERO-CICLE,          )<br>                                 )<br>           Plaintiff,            )<br>                                 )<br>    v.                           )<br>                                 )<br> U.S. DEPARTMENT OF JUSTICE,     )<br>                                 )<br>           Defendant.            )<br> _____) | Civil Action No. 05-2303 (RJL) |

### MEMORANDUM OPINION

Randolfo Romero-Cicle, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City"), filed this *pro se* action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appealing the disposition of his records request by the Bureau of Prisons ("BOP"). Plaintiff also asserts a claim under the Privacy Act, 5 U.S.C. § 552a. Defendant has filed a motion for summary judgment and plaintiff an opposition to the motion. For the following reasons, the Court will grant defendant's motion.

### I. BACKGROUND

On January 19, 2005, plaintiff sent a FOIA request to BOP for "all records, documents, and information you have in your files pertaining to me or mentioning my name." Decl. of Karen Summers ¶ 4 & Exh. 1. BOP sent a letter to plaintiff on February 2, 2005 informing him that the agency was construing his request as one for documents maintained in its central files. *Id.* & Exh. 2. Plaintiff was also advised that he could request a review or copies of releasable records at the

1



local institutional level, i.e. FCI-Forrest City. Decl. of Karen Summers ¶ 5 & Exh. 2.[1]

On February 23, 2005, BOP notified plaintiff that it had located 29 responsive documents in the central files subject to disclosure under FOIA. *Id.* ¶ 7. BOP released to plaintiff 6 pages in full, 17 pages in part, and withheld 6 pages in their entirety pursuant to FOIA Exemptions 2, 7(C), and 7(F). *Id.* ¶ 8 & Exh. 4. Plaintiff filed an appeal of BOP's determination to the Office of Information and Privacy on March 24, 2005. *Id.* ¶ 11 & Exh. 6. Having not received a decision on his appeal, plaintiff filed the present action on November 29, 2005. Compl. ¶¶ 8, 9.

BOP sent plaintiff sent a supplemental response to plaintiff's records request on May 16, 2006. Decl. of Karen Summers ¶ 9 & Exh. 5. BOP released to plaintiff information on four pages that had been formerly redacted. *Id.* As a result, of the 29 pages of retrieved records, 7 have now been disclosed in full, 16 disclosed in part, and 6 pages withheld in their entirety. *Id.* Included in these 29 pages were disciplinary incident reports regarding plaintiff. *Id.* ¶ 13; Supp. Decl. of Karen Summers ¶ 4. Plaintiff was advised that these records were available for review at his designated institution. *Id.*

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment

---

[1] BOP has six separate folders within an inmate's central file. *Id.* ¶ 12 & n. 6. The "Privacy Folder" contains material that BOP has deemed exempt from disclosure under FOIA. *Id.* The rest of the folders can be reviewed and copied by the inmate. *Id.*

bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 ( D.C. Cir. 1981). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation and quotation omitted).

III. ANALYSIS

A. Adequacy of the Agency Search

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C.Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir. 1990). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.*

Plaintiff's FOIA request sought all documents in BOP's possession that referred to him. Upon receiving the request, BOP searched the Inmate Central File because it is a central depository for individual inmate records. Decl. of Karen Summers ¶ 12 n. 6. The file includes a Privacy Folder which contains material that BOP has decided is exempt from disclosure under FOIA. *Id.* Other than these materials, the remainder of an inmate's file are available for viewing at his institution. *Id.* BOP staff at FCI-Forrest City searched the central files using plaintiff's name as the search identifier. *Id.* ¶ 12. The search yielded 29 pages of responsive documents.

*Id.*

Plaintiff contends that BOP's search was inadequate because it only included documents in the central files at FCI-Forrest City. Pl.'s Opp. to Mot. for Summ. J. at 3. Plaintiff's request was for "all records, documents, and information" pertaining to him and located in BOP files. *Id.* According to plaintiff, a search of BOP records would have revealed relevant documents at the federal prison in Pollock, Louisiana, including investigatory reports regarding him. *Id.* at 11.[2]

Defendant argues that plaintiff has failed to exhaust his administrative remedies for any documents not located in the central files at FCI-Forrest City. Deft.'s Reply to Pl.'s Opp. to Mot. for Summ. J. at 2. Defendant bases this contention on the correspondence between BOP and plaintiff and the scope of plaintiff's administrative appeal. When BOP initially acknowledged plaintiff's FOIA request, the agency informed him in writing that it was interpreting the request to only include records in the central inmate files. Decl. of Karen Summers ¶ 4 & Exh. 1. Plaintiff did not object to BOP's limitation on the scope of his request. Moreover, when plaintiff filed his administrative appeal of BOP's disposition of his FOIA request, he did not challenge the scope of the search. Instead, plaintiff stated that he was requesting "*all* BOP's records maintained in his central file." Plaintiff made no mention of any other records, including documents at the prison in Pollock, Louisiana.

An agency is obligated to construe a FOIA request liberally. *LaCedra v. EOUSA*, 317 F.3d 345, 348 (D.C.Cir. 2003); *Nation Magazine v. United States Customs Serv.*, 71 F3d 885, 890 (D.C.Cir. 1995). However, "an agency may construe a request as it reasonably sees fit, as

---

[2] Any documents regarding inmate discipline and prison security investigations are maintained in a system of records separate from the inmate's central file. Supp. Decl. of Karen Summers ¶ 5 n. 1.

long it informs the requester of the defined scope of the request." *Hamilton Sec. Group v. HUD*, 106 F. Supp. 2d 23, 33 (D.D.C. 2000), *aff'd per curiam*, No. 00-5331, 2001 WL 238162, at *1 (D.C.Cir. Feb. 23, 2001). If a requester does not raise the issue of the agency's interpretation of his FOIA request in his administrative appeal, judicial review is barred for failure to exhaust administrative remedies. *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C.Cir. 1986); *Gallace v. U.S. Dep't of Agriculture*, 273 F. Supp. 2d 53, 59 (D.D.C.), *aff'd per curiam*, No. 03-5141, 2003 WL 22318866, at *1 (D.C.Cir. Sept. 30, 2003); *Hamilton Sec. Group*, 106 F. Supp. 2d at 27.

Since plaintiff failed to raise the scope of the search issue in his administrative appeal, he is precluded from challenging BOP's decision to limit its search for responsive records to the central files. Moreover, it is apparent from the declarations submitted by the agency representative that BOP has made a "good faith effort to conduct a search for the requested records [within the central files], using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). No more is required. Therefore, defendant's search for plaintiff's requested records was adequate to fulfill defendant's obligations under FOIA.

The Court will next review whether defendant properly claimed that certain records were exempt from disclosure under the statute.[3]

### B. Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and

---

[3] The Court has jurisdiction to review BOP's response to the exhausted portion of plaintiff's FOIA request. *Dettmann*, 802 F.2d at 1477; *Hamilton Sec. Group*, 106 F. Supp. 2d at 27.

practices of an agency." 5 U.S.C. § 552(b)(2). This exemption protects two types of materials, those involving internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest," ("low 2"), and internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations ("high 2"). *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C.Cir. 1992).

Citing the "high 2" exemption, BOP withheld from disclosure three portions of a case information monitoring ("CIM") form that describes internal BOP security techniques. Decl. of Karen Summers ¶¶ 24, 25, 27 & n. 10. This form is used by BOP staff members to document an inmate's separation from other inmates due to threats or other security concerns. *Id.* ¶ 26. The CIM form also includes the source of the information that led to the separation and the rationale behind BOP's separation assignment. *Id.* ¶¶ 25-27. According to BOP, disclosure of these internal security matters would compromise the prison's ability to maintain security because it would allow an inmate to identify a specific threat to himself, another inmate, or the location of a separated individual, and thus threaten a disruption in the prison. *Id.* ¶¶ 26-27.

Having reviewed BOP's declaration, the Court finds that there is not a public interest sufficient to override the agency's appropriate interest in maintaining the secrecy of these internal procedures. This internal agency information was properly withheld from plaintiff.

### C. Exemption 7(C)

Exemption 7(C) concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *United States Dep't of*

*Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773-75 (1989). The exemption protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In order to properly withhold materials under this exemption, two components must be satisfied: (1) the materials are law enforcement records; and (2) disclosure of the material would involve an invasion of a third party's privacy. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C.Cir. 1982); *Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp. 2d 177, 184 (D.D.C. 2004).

BOP serves a law enforcement function by protecting inmates, staff and the community. Decl. of Karen Summers ¶16. The records responsive to plaintiff's request are located in BOP's Inmate Central Records System, the repository for all records pertaining to each inmate. *Id.* ¶12 & n. 6, ¶15 & n. 7. These records were compiled for law enforcement purposes. *Id.* ¶ 16.

Pursuant to Exemption 7(C), BOP withheld from disclosure portions of prison visitor information forms containing the birth dates, addresses, social security numbers, possible contact with other inmates, and the criminal history background checks of private individuals. *Id.* ¶17. BOP also withheld the names and identifying information of third-party inmates separated from plaintiff in the institution due to a security assessment or inmates referred to in an internal BOP investigation of plaintiff. *Id.*

In cases involving personal data on private citizens in law enforcement records, "the privacy interest ... is at its apex." *Reporters Comm.*, 489 U.S. at 780. The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned

in law enforcement files are protected from disclosure. *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Reporters Comm.*, 489 U.S. at 779). "Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir.1990) (citations and quotations omitted); *see also Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)"). The Court concludes that the BOP has properly invoked Exemption 7(C) to protect the privacy interests of third parties.[4]

Having determined that the BOP has properly asserted a privacy interest under Exemption 7(C), the Court must balance the privacy interest of the individual mentioned in the record against the public's interest in disclosure. *Favish*, 541 U.S. at 172. Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Id.* The requester must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred. *Id.* at 174.

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of*

---

[4] Since the Court finds that non-disclosure of this information is justified under Exemption 7(C), there is no need to decide whether non-disclosure was appropriate under BOP's alternative rationale, Exemption 7(F).

*Justice*, 968 F.2d 1276, 1282 (D.C. Cir.1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C). *Blanton v. United States Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282)). In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure. *Spirko v. United States Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

Plaintiff has not identified a public interest or alleged any agency misconduct. Plaintiff's desire for the information is irrelevant. *Favish*, 541 U.S. at 174; *Reporters Comm.*, 489 U.S. at 773. The fact that plaintiff may be seeking the information to advance a private agenda is not a proper basis for disclosure under FOIA. *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C.Cir. 2005) (plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*, 126 S.Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003) (no public interest in disclosure of information to assist plaintiff in challenging conviction). Therefore, the BOP properly withheld the records under Exemption 7(C).

### D. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). The district court in a FOIA case has "an affirmative duty to consider the segregability issue *sua sponte*." *Trans-Pacific Policing Agreement*, 177 F.3d at 1028. An agency must provide a detailed

justification and not just conclusory statements to prove that it has released all reasonably segregable information. *Judicial Watch, Inc. v. U.S. Dep't of Justice*, No. 01-639, 2006 WL 2038513, at *2 (D.D.C. July 19, 2006).

The Court finds that the BOP's declaration demonstrates that defendant has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released. *See* Decl. of Karen Summers ¶ 29.[5]

### IV. CONCLUSION

Based on the foregoing, defendant's motion for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE:
11/17/06

---

[5] Plaintiff has also asserted a claim under the Privacy Act, 5 U.S.C. § 552a. However, the system of records at issue here, the BOP's Inmate Central Records System, is exempt from the provisions of the Privacy Act. *White v. United States Probation Office*, 148 F.3d 1124, 1128 (D.C.Cir. 1998); 28 C.F.R. § 16.97.